**LOUIS GILL AND SONS, a Corporation, Louis Gill, and Louis Gill, as Executor of the Estate of Laura B. Gill, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17768.**

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1962.

Burford, Hubler & Burford, and Burke E. Burford, Porterville, Cal., for appellant.

Ramsey Clark, Asst. Atty. Gen., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C.; and Francis C. Whelan, U. S. Atty., and Fichard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

This case concerns the condemnation of 462.18 acres in Tulare County, California in connection with the Success Dam and Reservoir Project (Public Law 534, 78 Cong., 58 Stat. 887).

It was commenced by the filing of a complaint in condemnation by the United States on May 14, 1957. It was referred by the district court to a. Commission on May 12, 1959, and on August 9, 1960, the finding and report of the Commission was filed.

The Commission found:

"That the property taken by the United States * * * was part of a larger holding by [the appellants], and said larger holding before the taking by the United States consisted of approximately 10,000 acres of land which composed an integrated cattle ranching operation. * * *

* * * * * *

"That the fair market value of the entire parcel of which the portion taken was a part, immediately before the taking on May 14, 1957, was $1,-221,725.00.

"That the fair market value of the remainder on May 14, 1957, immediately after the taking was $1,-106,250.00.

"The Commission, therefore, finds that the just compensation for the taking of Tract A–119 to be $115,-475.00."

Other than this, there is no finding as to the highest and best use and no disclosure as to the valuation principles utilized by the Commission or the elements of value taken into consideration.

On August 19, 1960, the United States filed its objections to the finding and report of the Commission based in part on the following grounds:

"The Report of the Commission is Not Sufficient To Furnish An Adequate Basis For Review By the District Court.

"The Commission failed to make specific findings as to matters on which its finding of value was based, and did not set forth the evidence considered by the Commission in reaching its finding of value.

"As stated in United States v. Cunningham, 4 Cir., 246 F.2d 330, in order to make any intelligent review of the Commission's findings, it is necessary that the Commission indicate what use, if any, it made of the testimony in arriving at its finding of value. As to the testimony and the use thereof, the reader of the Commission's report in the case under consideration herein is left in the dark regarding the methods by which the Commission arrived at its decision, and it is submitted that review may not be so precluded.

"During the course of the trial, there was a difference of opinion between the witnesses for the defendant and the plaintiff regarding the highest and best use of the property taken. The report of the Commission failed to make a finding as to the highest and best use of the property. Different values were placed upon different portions of the defendant's property by each of the witnesses for the plaintiff and the defendant. The report of the Commission fails to recite the extent, if any, to which they considered the breakdowns of value by each of the

witnesses in arriving at any part of the award. Valuation witnesses for both the plaintiff and the defendant used various sales of comparable properties in arriving at their opinions of the fair market value of the defendant's property. The report of the Commission fails to show the consideration, if any, given to any or all of the comparable sales so testified to by the valuation witnesses. The valuation witnesses for both the plaintiff and defendant testified to certain items of severance damage. The report fails to show whether or not the Commission considered that there was severance damage to the remaining ownership or to a portion of the remaining ownership, or the amount thereof. One of the valuation witnesses for the defendant testified that as an element of severance damage he considered a loss in carrying capacity to the remainder of the ranches owned by the defendant. Government witnesses testified there was no severance damage by reason of loss of carrying capacity. The report fails to show whether or not the Commission adopted the position of the defendant's witness with respect to this element of severance damage, or whether they adopted the position of the plaintiff. One of the witnesses for the defendant based his opinion of value on the assumption that irrigation water could be developed on the portion of the property taken by the plaintiff. The report fails to show whether or not the valuation by the Commission is based upon a finding of available water.

"The failure to include these elements in this report is more than enough to render it insufficient and to sustain an order setting it aside. United States v. Buhler, 5 Cir., 254 F.2d 876. Therefore, since the Court must consider the basis of the Commissioners' findings, this report cannot properly aid the Court in making an adjudication and discharging its duty under Rules 52(a) and 53 of the Federal Rules of Civil Procedure to make findings of fact and conclusions of law in this case.

"5 Moore's Federal Practice (Second Edition), Page 2950."

After hearing, the district court modified the findings of the Commission and reduced the award to $95,332.00. The district court did not view any portion of the property and based its findings entirely upon a review of the exhibits and the transcript of the proceedings before the Commission.

From the judgment entered by the district court pursuant to its findings and conclusions, the landowners appealed.

In fairness to the District Judge, it should be stated that at the time of the entry of the judgment, he did not have the benefit of the views expressed by this Court in United States v. Lewis, and related cases, decided July 10, 1962, in which this Court reversed judgments entered in favor of the landowners based upon similar findings and reports of the same Commission. See United States v. Lewis, and related cases, 308 F.2d 453 (9th Cir., 1962).

The objections to the report filed by the United States disclose issues which the Commission was called upon to resolve in reaching its value judgment and matters upon which findings must be made or explanations given if the district court is to be able intelligently to review the finding and report and act upon it.

In view of the complete inadequacy of the finding and report of the Commission as a basis for review by the district court and on the authority of United States v. Lewis, and related cases, supra, the judgment is vacated and the cause remanded to the district court for further appropriate proceedings consistent with the principles and views expressed in Lewis.