461 F.2d 938
 UNITED STATES of America, Appellee,
v.
2,187.43 ACRES OF LAND, MORE OR LESS, Situate IN ST. FRANCIS
COUNTY, ARKANSAS, and E. Butler and Louis B.
Jones, Appellants, and Unknown Owners.
UNITED STATES of America, Appellee,
v.
2,187.43 ACRES OF LAND, MORE OR LESS, Situate IN ST. FRANCIS
COUNTY, ARKANSAS, et al., Appellants, and Unknown Owners.
 Nos. 71-1486, 71-1487.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 8, 1972.
Decided June 16, 1972.
 
 E. J. Butler, Butler & Hicky, Forrest City, Ark., for appellants.
 Dirk D. Snel, Atty., Department of Justice, Washington, D. C., Kent Frizzell, Asst. Atty. Gen., W. H. Dillahunty, U. S. Atty., Walter G. Riddick, James G. Mixon, Asst. U. S. Attys., Little Rock, Ark., George R. Hyde, Atty., Department of Justice, Washington, D. C., for appellee.
 Before LAY, BRIGHT, and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Landowners appeal from jury verdicts aggregating $144,000 for the taking of flowage easements on five tracts of land, comprising a total of 2,187.43 acres, in a river basin floodway project. The landowners contend that the trial court erred in denying their motion for appointment of a commission pursuant to Rule 71A(h), Federal Rules of Civil Procedure, to determine the issue of compensation; that it erred in permitting Government appraisers to testify as to valuations less than the sum deposited by the Government at the time the declarations of taking were filed; and that it erred in permitting Government experts to testify as to "after" sales that were not comparable because they took place at a time when the floodway project had not been completed. We do not agree with the landowners on any of these contentions, and we therefore affirm the trial court's judgment.
 
 
 2
 Both the landowners and the Government had agreed to a jury trial at the commencement of this action; however, ten days prior to trial, the landowners moved to have a commission of three competent persons appointed, pursuant to Rule 71A(h), which in pertinent part provides:
 
 
 3
 "[I]f there is no . . . specially constituted tribunal any party may have a trial by jury . . . unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it."
 
 
 4
 The reason given by the landowners for not requesting a commission until ten days prior to trial is that during the interim between the filing of the action and the motion, the law was amended to provide "for random jury selection from a master jury wheel of any and everybody, irrespective of competency and intelligence." A complete jury list was not presented to the landowners until about three weeks prior to trial, and they claim that by the time the list was checked for competency of the individual prospective jurors, and the motions were filed, only ten days remained until trial. At trial, landowners were allowed limited questioning of the prospective jurors during voir dire. They did not, however, submit any prepared questions to the trial court, even at the invitation of the trial judge. Upon the record, we cannot say that the landowners were thereby denied their rights to a fair and just trial.
 
 
 5
 Ruling on the landowners' motion for appointment of a commission was within the sound discretion of the trial court. See Sykes v. United States, 392 F.2d 735, 740 (8th Cir. 1968); United States v. Chamberlain Wholesale Grocery Co., 226 F.2d 492, 498 (8th Cir. 1955), cert. denied, 350 U.S. 989, 76 S. Ct. 475, 100 L.Ed. 855 (1956). A condemnation case, such as this typically calls for a jury, and the appointment of commissioners is proper only in exceptional cases, United States v. 2,872.88 Acres of Land, 310 F.2d 775, 777 (5th Cir. 1962), modified sub nom., United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964), especially where, as here, both parties originally demanded a jury trial. See Sykes v. United States, supra, 392 F.2d at 741. No such exceptional circumstances were present here; there was simply a condemnation of easements on five similarly situated tracts of land. Therefore, we find that the trial court clearly did not abuse its discretion in denying the landowners' motion.
 
 
 6
 Landowners' second allegation of error, that the Government witnesses were improperly allowed to testify as to appraisals lower than the original appraisals and deposit, must also fail. The Government's initial appraisal by O'Leary was the basis for its deposit, on January 19, 1966, the date of the "taking" and the filing of these actions, of the sums of $74,000 for one tract of land and $71,900 for the remaining four tracts. O'Leary was not called to testify at trial; the Government presented two other expert witnesses. These appraisers testified that the just compensation due was a sum less than the amount determined by O'Leary and deposited with the court. They, respectively, fixed the total amounts at $99,565 and $117,050. The trial court was apparently disturbed by this disparity in valuation from the original appraisal. However, when the jury returned the verdicts, the total was only $1,900 less than the original appraisal and deposit, and the trial court denied a motion for a new trial.
 
 
 7
 The amount deposited was merely an estimated compensation; it did not establish a minimum for an award. See United States v. Miller, 317 U.S. 369, 381, 63 S.Ct. 276, 87 L.Ed. 336 (1943); Evans v. United States, 326 F. 2d 827, 829-830 (8th Cir. 1964). Furthermore, it is clear that in this case the "estimated compensation" paid into the court by the Government was not admissible to contradict the witnesses' lower valuations. United States v. Two Tracts of Land, 412 F.2d 347, 350 (2d Cir. 1969). No error was committed in allowing the Government witnesses to testify to amounts lower than the original appraisal and the motion for a new trial was properly refused.
 
 
 8
 The landowners' last contention, that sales of other land in the floodway was not proper evidence of market value after the taking, is based upon their allegation that the project was not complete, and thus that the sales could not represent the total devaluation resulting from the construction of the project. At trial, however, none of the specifics raised in objections to introduction of "comparable" sales included this particular point. Therefore, it may not be raised here for the first time. Cf. United States v. 3,788.16 Acres of Land, 439 F.2d 291, 296 (8th Cir. 1971); Garrett v. United States, 407 F.2d 146, 152 (8th Cir. 1969). Assuming arguendo that the objections were sufficiently definite, the trial court committed no error in admitting the evidence. There was testimony to the effect that the project was essentially complete. All the conflicting evidence as to the values was before the jury, and "[t]he weight to be given to factual and opinion evidence on fair market value is for the jury." United States v. 3,698.63 Acres of Land, 416 F.2d 65, 68 (8th Cir. 1969).
 
 
 9
 The judgment is affirmed.