**WILLISTON BASIN INTERSTATE PIPELINE COMPANY,**
Plaintiff,

v.

**DOLYNIUK FAMILY TRUST,**
et al., Defendants.

No. A1–03–066.

United States District Court,
D. North Dakota,
Southwestern Division.

Feb. 9, 2005.

Fred C. Rathert, Shane Douglas Peterson, Kenneth G. Hedge, Crowley Haughey

Hanson Toole & Dietrich, Williston, ND, for Plaintiff.

Ronald A. Reichert, Reichert & Herauf PC Drawer K, Eugene F. Buresh, Buresh Law Office, Dickinson, ND, for Defendant.

Edwin James Wheeler, University Place, WA, pro se.

## ORDER DENYING MOTION TO APPOINT A COMMISSION AND ADOPTING STIPULATION TO CONTINUE TRIAL

HOVLAND, Chief Judge.

Before the Court is the Plaintiff's Motion for Appointment of a Commission and Request for Oral Argument, filed on January 14, 2005. Also before the Court is a Stipulation to Continue Trial and Extend Deadlines, signed by the Plaintiff and fourteen of the Defendants. The stipulation was filed on February 4, 2005. For the reasons set forth below, the Court denies the motion to appoint a commission and adopts, in part, the stipulation to continue trial.

## I. *BACKGROUND*

On June 6, 2003, Williston Basin Interstate Pipeline Company, ("Williston Basin") filed a condemnation complaint. The Defendants consists of 27 landowners, trusts, and financial institutions with interest in 18 parcels of land, totaling 69.458 acres.[1] On June 30, 2003, this Court granted Williston Basin the immediate use and possession of the land in question. The Court ordered that Williston Basin deposit with the Court the sum of $300,000.00 in cash or surety bond.

---

1. The Defendant, the George Kubik and Agnes Kubik Revocable Trust, was dismissed on July 10, 2003, pursuant to a stipulation with Williston Basin. The Dolyniuk Family Trust, Melissa Irene Wheeler, Alfred Wittinger, American State Bank and Trust of Dickinson, Farm Credit Services of Mandan, First State Bank of Golva, Darin Maus, Anton Metz, and Kevin Schmidt have not entered appearances in the matter.

The deadline to amend pleadings was December 1, 2004; the discovery deadline was December 13, 2004; and the dispositive motion deadline was January 15, 2005. The trial in this matter is currently set for April 19, 2005.

## II. *MOTION TO APPOINT COMMISSION*

On January 14, 2005, Williston Basin filed a Motion to Appoint a Commission, pursuant to Rule 71A of the Federal Rules of Civil Procedure. The Defendants are opposed to the appointment of a commission.[2]

> Rule 71A(h) provides, in part:
> any party may have a trial by jury of the issue of just compensation ... unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

Fed.R.Civ.P. 71A(h). The Eighth Circuit has held that a condemnation case typically calls for a jury and that the appointment of a commission is proper only in exceptional cases. *United States v. 2,187.43 Acres of Land, More or Less*, 461 F.2d 938, 940 (8th Cir.1972). In cases where both parties originally demanded a jury trial, the Eighth Circuit has placed great emphasis on that request. *Id.; Sykes v. United States*, 392 F.2d 735, 741 (8th Cir. 1968). However, the rule vests the Court with broad discretion to choose "between the use of juries or of commissioners."

*United States v. Chamberlain Wholesale Grocery Co.*, 226 F.2d 492, 498 (8th Cir. 1955).

Defendants Cleone Hanson Sparks, Clayton L. Hanson, Arlys W. Hanson and Yvonne Hanson Trust, Charles K. Kadrmas, Susan Kadrmas, Ryan C. Kadrmas, Corey Polensky, Linette Polensky, Edward Polensky, Mary Ann Polensky, Bryan Tomchuk, Christopher Tomchuk, Terrence John Tomchuk, and William Tomchuk, requested a jury trial in their answer, filed on July 1, 2003. The Court gives great weight to the Defendants' request for a jury trial.

Williston Basin asserts that the factors set forth in Rule 71A(h) favor appointing a commission. Williston Basin states that because the property in question is used for agricultural purposes the character or nature of the property justifies appointing a commission and cites to *United States v. Chamberlain Wholesale Grocery Co.*, 226 F.2d 492, 498 (8th Cir.1955). However, in *Chamberlain*, the landowners agreed to a determination of the issue of compensation by a commission and significantly larger parcels of land (over 2,000 acres) were at issue.

■ Williston Basin also asserts that it would be costly for the parties and their witnesses to travel to Bismarck for trial and relies on *Chamberlain Wholesale Grocery* for the proposition that expense of trial and inconvenience of witnesses weighs in favor of appointing a commission. The Defendants have dispelled at least half of this assertion by their willingness to appear and bear the costs of trying

---

2. Defendant Wheeler filed a response to Williston Basin's Motion to Appoint a Commission. *See* Docket No. 66. Defendants Cleone Hanson Sparks, Clayton L. Hanson, Arlys W. Hanson and Yvonne Hanson Trust, Charles K. Kadrmas, Susan Kadrmas, Ryan C. Kadrmas, Corey Polensky, Linette Polensky, Edward Po-

lensky, Mary Ann Polensky, Bryan Tomchuk, Christopher Tomchuk, Terrence John Tomchuk, and William Tomchuk, also filed a response to Williston Basin's Motion to Appoint a Commission. *See* Docket No. 62. The remaining Defendants have not responded to the motion.

their case in Bismarck. Williston Basis also contends it would impossible for a jury to examine the parcels of land at issue because of their distance from the courthouse and cites *United States v. Merz,* 376 U.S. 192, 197, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964). Given the technology available in today's federal courtrooms, the Court is not persuaded that it would be impossible for a jury to "examine" the land at issue. Both photographs and videotapes can easily give jurors a sense of the land involved. Further, Williston Basin has not explained why it would be important for a jury to personally inspect the land.

■ In addition, Williston Basin contends that the number of landowners and parcels involved weighs in favor of appointing a commission. A majority of the Defendant landowners are represented by the same attorney, who has stated the evidence he plans to introduce would take less than two days of court time. Defendant Wheeler has also stated he could complete his case in under two days. The Defendants' representations to the Court that their cases will take a relatively short amount of time tends to show that neither a jury nor the Plaintiff will be faced with a multiplicity of theories or experts. The record reveals that the case involves sixteen parcels of land ranging in size from .152 acres to 8.342 acres.

■ Finally, Williston Basin asserts that appointing a commission will ease congestion in the Court's calendar, result in more uniform valuations, and relieve jurors from the task of deciding complex issues. The Defendants contend Williston Basin's claims that the trial will be lengthy and complex are unsupported.

The Court is not convinced that it is necessary to appoint a commission in this dispute. The landowners have represented to the Court that their evidence will be concise. A majority of the landowners are represented by the same attorney and the parcels of land at issue are relatively small. The Defendants have willingly accepted the additional costs a jury trial may entail for them, including traveling to Bismarck for the trial. After a careful review of the record and each of the factors set forth in Rule 71A, the Court, in its discretion, declines to appoint a commission under Rule 71A of the Federal Rules of Civil Procedure.[3]

### III. *TRIAL DATE AND PRETRIAL DEADLINES*

The Court grants the Plaintiff's request to continue trial. Trial in this matter is currently set to begin on April 19, 2005. Trial shall be rescheduled for Monday, June 20, 2005, at 9:30 a.m. before Chief Judge Daniel L. Hovland, in Bismarck, North Dakota. In recognition of the Plaintiff's request for additional trial days, a ten (10) day trial is anticipated. The Court also extends the deadline for dispositive motions to April 1, 2005.

The Court denies the parties' request for an extension of the deadlines to amend pleadings and complete discovery. Both of these deadlines had elapsed at the time the current stipulation was filed and the parties have not offered any explanation for noncompliance. Upon further explanation of the parties, the Magistrate Judge may adjust these deadlines.

---

**3.** In their response, some of the Defendants assert that pursuant to a stipulation filed in North Dakota state court, Williston Basin had effectively agreed to resolve the issue of compensation by a jury trial. Williston Basin, in its reply, argues it did not consent to a jury trial. Given the Court's decision to proceed with a jury trial in this matter, the Court finds it is unnecessary to resolve the dispute surrounding the meaning of the stipulation filed in state court.

1046

Finally, in reviewing the file, the Court notes that an early settlement conference has not been held in this matter. The Court directs Magistrate Judge Charles S. Miller, Jr., to schedule an early settlement conference with the parties at the earliest mutually convenient date.

## IV. CONCLUSION

The Court **DENIES** the Plaintiff's Motion for Appointment of a Commission and Request for Oral Argument. (Docket No. 58). The Court also **ADOPTS** in part the parties' Stipulation to Continue Trial and Extend Deadlines. . (Docket No. 69). Trial shall be rescheduled for Monday, June 20, 2005, at 9:30 a.m. before Chief Judge Daniel L. Hovland, in Bismarck, North Dakota. A ten (10) day trial is anticipated. The deadline for dispositive motions is extended to April 1, 2005.

**IT IS SO ORDERED.**