UNITED STATES v. 3.71 ACRES OF LAND, IN BOROUGH OF QUEENS, LONG ISLAND CITY, N. Y., et al.

No. M–664.

District Court, E. D. New York.

June 23, 1943.

See, also, 50 F.Supp. 110.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Conboy, Hewitt, O'Brien & Boardman, of New York City, for defendant William Bradley & Son.

## MOSCOWITZ, District Judge.

This is a motion for "an order modifying, amending, correcting and revising an order heretofore entered in this proceeding on the 18th day of January, 1943, signed by the Hon. Grover M. Moscowitz, one of the judges of said Court in respect to the provision contained therein for the payment of interest at the rate of six percent (6%) per annum from the date of taking of title to the date of payment on the amount retained in the Registry of the Court in this proceeding, and which amount was the sum of $30,600, representing the differences between the amount deposited in the Registry of the Court at the time of the filing of the Declaration of Taking,—to wit, the sum of $250,600.00 and the amount of $220,000.00 withdrawn by the claimant, William Bradley & Son, pursuant to said order."

Pursuant to 40 U.S.C.A. § 258a, on April 10, 1942, the Government deposited $250,-600, as the estimated compensation for the property taken in this proceeding, in the Registry of this Court at the time of the filing of the Declaration of Taking.

On December 30, 1942, claimant-defendant, William Bradley & Son, Inc., made a motion to withdraw the deposit of $250,-600.

The order sought to be corrected, dated January 18, 1943, based upon the motion for withdrawal, allowed the withdrawal of $220,000.

The Government opposed any payment to the claimant-defendant beyond the sum of $220,000. Upon the argument of the motion, the attorney for the Government made no objection to the payment of interest on any sum withheld upon the Government's objection. He stated that, in his judgment, the Government should be required to pay interest on any amount withheld for distribution as a result of the objections of the Government. He also stated that, in his opinion, the matter of the payment of interest or any question relating thereto should be reserved "pending the determination of the fair and just compensation which should be paid for the property taken and that the order for distribution should not anticipate this question."

The attorney for the Government in his affidavit states that at no time during the oral argument on the motion for distribution was there any discussion as to the period of time when such interest on any amount withheld for distribution should begin to run, or when such interest should cease. He further states in his affidavit that at no time did the Court decide that the interest, that the Government should be required to pay if any funds were withheld from distribution on its objections, should commence with the date of the taking.

The order dated January 18, 1943, entered upon the motion for distribution provided for the payment of interest "at the rate of six percent (6%) per annum from the date of taking of title herein to the date of payment," upon such sum in excess of $220,000 which might be ascertained in the proceeding as the value of the property taken. The attorney states that this order in this respect is erroneous and asks that it be corrected.

Section 258a provides that no interest shall be allowed upon any part of the funds deposited in a Court. It expressly states that "interest shall not be allowed on so much thereof (the funds deposited in Court) as shall have been paid into the court."

The claimant-defendant did not make an application for the withdrawal of the funds which resulted in the order of January 18, 1943, sought to be modified, until January 13, 1943, although the money had been deposited on April 10, 1942.

The Government certainly should not be penalized for failure on the part of the claimant-defendant to make application for the payment of the funds to it. Claimant-defendant was not deprived of the portion of the funds, to wit, $30,600, until the order was made on January 18, 1943. The claimant-defendant is entitled to interest on $30,600 from January 18, 1943. In reality such interest is not allowed as interest, but solely as part of just compensation for the property taken as claimant-defendant has been deprived of the use of such compensation from January 18,

1943, due to the objections made by the Government.

If, due to the objections of the Government, a claimant is deprived of a sum representing just compensation, interest should be allowed for the period during which the claimant was deprived of the just compensation. See United States v. Certain Lands in Borough of Brooklyn, etc., D.C., 39 F.Supp. 91; United States v. Certain Land in City of St. Louis, Mo., et al., D.C., 41 F.Supp. 809.

The order of January 18, 1943, will be amended so as to provide for the payment of interest on the sum of $30,600 from January 18, 1943, to May 18, 1943, the latter date being the date when the objection of the Government to the payment of said sum of $30,600 was withdrawn.