**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**15.03 ACRES OF LAND IN THE TOWN
OF STRATFORD, FAIRFIELD COUN-
TY, Connecticut; Land and Home De-
velopment Co., Inc., Defendant-Appel-
lant.**

No. 168, Docket 24822.

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1958.

Decided April 2, 1958.

Perry W. Morton, Asst. Atty. Gen., Simon S. Cohen, U. S. Atty. for the District of Connecticut, and Harry W. Hultgren, Jr., Asst. U. S. Atty., Hartford, Conn., Roger P. Marquis, Washington, D. C., Attorney (Robert S. Griswold, Jr., Attorney, Washington, D. C., of counsel), Department of Justice, for plaintiff-appellee.

Albert L. Coles, Bridgeport, Conn., for defendant-appellant.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

After the United States, on August 13, 1952, instituted condemnation proceedings against land owned by appellant and payment for part of the value of this land was received by appellant, appellant recovered a verdict for an additional amount as just compensation for the land in a trial which ended on May 7, 1956. The judgment entered on this verdict directed the Government to deposit the sum found due, plus interest, with the Court; and directed the Clerk of the Court, upon the deposit of that amount, to "distribute said sum forthwith" to appellant. On June 28, 1956, the Government deposited the sum due, including interest. On July 2, 1956, before the funds deposited had been distributed by the Clerk, the Government filed its notice of appeal from the judgment, and also secured an *ex*

*parte* order staying distribution of the money pending the final disposition of the appeal. It appears from examination of the docket entries that no notice or copy of this order was sent to appellant's counsel, but on July 6, 1956 there was mailed to counsel for appellant a notice of motion by the United States, returnable on July 16, 1956, to set aside the stay of distribution which it had secured. In the body of this motion the Government stated that it desired to have the stay vacated because it might make the United States liable for interest on the deficiency. This motion was filed on July 10, 1956, but the motion was not prosecuted by either side.

The funds deposited by the Government remained with the Court until, on May 8, 1957, the United States, by stipulation, withdrew its notice of appeal, and the fund on deposit was paid to appellant. Thereafter, appellant moved the court for an order awarding it interest from June 28, 1956 until May 8, 1957, on the deficiency award. Appellant's motion was denied and this appeal was taken.

Despite appellant's argument that it was required to do nothing but sit back and wait for the money after the judgment entered on May 11, 1956 directed the Clerk to pay to it "forthwith" the sum deposited by the Government, the cases indicate that the effectiveness, and sometimes the basis, of the Government's opposition to distribution of funds deposited with the Court will determine whether interest is chargeable against the United States. Thus, where the Government deposited the fund and there was delay because there were various claimants to the fund, we held no interest will run, because the Government had done all it was required to do by depositing the fund and was under no obligation to "allocate the deposit and earmark definite amounts for designated claimants." United States v. 53¼ Acres of Land, 2 Cir., 176 F.2d 255, 258–259. But

where the Government opposed distribution on the ground that the withdrawal requested exceeded the value of the property, interest was chargeable for the period of delay. See United States v. City of New York, 2 Cir., 186 F.2d 418, 422.

█ The statute, 40 U.S.C.A. § 258a provides "interest shall not be allowed on so much (of the amount finally awarded) as shall have been paid into the court." But if the Government "in effect withdraws the deposit" or "freezes" it, interest will be allowed. The fact that the statute just quoted refers to a deposit before judgment, whereas here we have a deposit after judgment, does not affect the principle involved. Compare United States v. 3.71 Acres of Land, etc., D.C.E.D.N.Y., 50 F.Supp. 628, with United States v. Hirsch, 2 Cir., 206 F.2d 289, 294–295.

█ In the case at bar the *ex parte* order of July 2, 1956, while not an adjudication on the merits, froze the fund and at least delayed distribution temporarily. This delay caused by appellee, however, only continued until July 16, 1956, when the motion to vacate the *ex parte* order and stop the running of interest was returnable in New Haven. While notice of this motion was mailed in Hartford, addressed to appellant's counsel in Bridgeport, on July 6, 1956,[1] it might have been withdrawn and was not in any event effective until the return date. At any time after July 16, 1956 appellant had only to make application therefor in order to withdraw the fund, and for the delay after July 16, 1956 the Government should not be chargeable with interest. See United States v. 3.71 Acres of Land, etc., supra.

The order appealed from should, accordingly, be modified by directing that appellant be allowed interest on the fund for fourteen days, and otherwise affirmed.

---

1. Part of the date in the motion was apparently left blank in the original and the "9" typewritten in later, so we may assume that the paper mailed on July 6 contained the following:

"Dated at Hartford, Connecticut, this        day of July, 1956."