### UNITED STATES of America, Plaintiff,
### v.
**211.59 ACRES OF LAND, MORE OR LESS, in the COUNTY OF SACRAMENTO, State of CALIFORNIA, Etta I. Hoffman, et al., Defendants.**

### UNITED STATES of America, Plaintiff,
### v.
**211.59 ACRES OF LAND, MORE OR LESS, in the COUNTY OF SACRAMENTO, State of CALIFORNIA, Albert Alvin Thomson, et al., Defendants.**

Nos. 38081, 38082.

United States District Court
N. D. California, S. D.

Dec. 17, 1959.

Lynn J. Gillard, U. S. Atty., J. Harold Weise, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Perkins, Carr & Eddy, Sacramento, Cal., for defendants.

OLIVER J. CARTER, District Judge.

Defendants have made a motion for award of interest and a motion for modification of judgment. Both of these motions involve the same questions of law and fact and will therefore be disposed of together.

The proposed motions ask that the form of judgment lodged December 8, 1959, by the government be modified to allow interest at the rate of six per cent per annum on the entire deficiency between the declaration of taking deposit of $107,770 and the jury verdict of November 12, 1959 of $197,836.65.

The sole issue revolves around the question of whether the deposit of $82,-661 paid by plaintiff on June 30, 1959 into the registry of the Court precluded the running of further interest on such sum from June 30th to November 18, 1959.

A brief resume of the pertinent facts leading up to the present motions is in order at this point. This is an action for condemnation in which two actions have been consolidated, the first acting being for the taking of the leasehold and the second, being action numbered 38082, for the taking of the fee of the same land. We are concerned herein only with the second, or fee taking action.

The undisputed facts are as follows:— the complaint in civil action No. 38082 was filed on the 24th day of March, 1958. An order for delivery of possession was issued out of this Court on April 2, 1958 and on said date a declaration of taking was filed therein and the sum of $107,-770 was deposited in the registry of the Court as estimated compensation for the taking of the fee simple title in accordance with the provisions of § 258a of Title 40 U.S.C.A. A trial was had in May, 1959, before Judge Goodman, and a judgment was entered on June 1, 1959. It was adjudged that for the taking of the estate and interest condemned in civil action No. 38082 the sum of $190,-431 with interest be paid to defendants "forthwith upon deposit in the registry of the Court by plaintiff."

On June 2, 1959, a motion for a new trial in both actions was filed by plaintiff, and on June 8, 1959 a motion for a new trial in the lease taking action was filed by defendants. These motions were heard on June 23, 1959, at which time the Court ordered that the motion for a new trial in civil action numbered

38082 be granted, unless defendants within ten days from said date accept the sum of $150,000 in said action.

Plaintiff made a further deposit with the registry of the Court on June 30, 1959 in the amount of $82,661 in pursuance of the judgment entered June 1, 1959. For purposes of these motions the parties stipulate that no notice of this further deposit was given to defendants at this time.

Defendants refused to accept the sum of $150,000 and a new trial was granted. The second trial in the actions herein was commenced November 9, 1959, and a verdict of $197,836.65 was returned on November 12, 1959.

On November 18, 1959 the defendants received a copy of the proposed judgment on the verdict of November 12, 1959. The parties stipulate, for purposes of these motions, that November 18, 1959 was the first time that the defendants had *actual* notice of the deposit of $82,661 made on June 30, 1959.

Defendants filed a notice of application for withdrawal of funds on November 27, 1959, which is unopposed by the government.

In these motions presently under consideration defendants contend that the deposit of June 30, 1959 cannot have been made pursuant to the Declaration of Taking Act, 40 U.S.C.A. § 258a, as this statute relates to a deposit prior to judgment. However, Rule 71A(j) of the Federal Rules of Civil Procedure, 28 U.S. C.A. provides that a deposit may be made by the condemning agency when "required by law" or "permitted by statute". In the present case the deposit was made pursuant to the judgment of June 1, 1959, i. e., the deposit was "required by law."

Defendants cite United States v. Hirsch, 2 Cir., 206 F.2d 289, in which the court determined that the condemning agency could properly make a deposit after judgment while reserving its right to appeal and that this was in the category of an ordinary judgment debtor who tenders, by a deposit in court, with leave of court, the amount of the judgment for the benefit of the judgment creditor, the effect being that interest is stopped whether or not the judgment creditor withdraws the money.

Defendants try to take their case out of the rule of the Hirsch case by arguing that the rule of the Hirsch case would be applicable only if plaintiff had either noticed a motion for the deposit, secured and served an order of the court allowing the deposit, or even notified defendants that such deposit was being made. They next contend that if they had had notice of any kind concerning this deposit, defendant would have then been in a position to move for withdrawal of these funds. They argue that upon such application for withdrawal, if plaintiff had opposed such withdrawal and in effect "froze" the funds on deposit, defendants would have been entitled to draw interest, citing United States v. 15.03 Acres of Land, 2 Cir., 253 F.2d 698.

In so arguing, defendants fail to take cognizance of the fact that this deposit was made pursuant to a judgment as "required by law" and that in the case at bar there was no opposition whatsoever to the withdrawal of funds as there was in United States v. 15.03 Acres of Land, supra. Defendants' arguments do not take into consideration the wording of the judgment of June 1, 1959. Without any further requirements the judgment directed the Clerk to pay the defendants the sum of $82,661 plus interest "forthwith upon deposit in the registry of the Court by plaintiff". In the face of this clear language it was not incumbent upon plaintiff to make any motion to permit deposit or to give any notice of its deposit. This was not a deposit pending an appeal as in the Hirsch case where the government was seeking to prevent disposition of the deposited funds, nor was it a deposit sought to be "frozen" by an ex parte order granted at government request which temporarily delayed their distribution, as in United States v. 15.03 Acres of Land, supra.

434

One of the major contentions of the defendants is the contention that Section 258a refers only to a deposit before judgment, whereas in this case the deposit was made after judgment. In United States v. 15.03 Acres of Land, supra, 253 F.2d at page 699 the court said:

"The statute, 40 U.S.C.A. § 258a provides 'interest shall not be allowed on so much (of the amount finally awarded) as shall have been paid into the court'. But if the Government 'in effect withdraws the deposit' or 'freezes' it, interest will be allowed. *The fact that the statute just quoted refers to a deposit before judgment, whereas here we have a deposit after judgment, does not affect the principle involved.*" (Emphasis ours.)

In that case the Court held that the government should not be chargeable with interest where the owner had only to make an application in order to withdraw the fund from the court. It should be noted that in this case the government had secured an ex parte order staying distribution of the money pending the final disposition of an appeal. If, under these circumstances, the government should not be chargeable with interest, *a fortiori*, it should not be chargeable in the case at bar.

In both the Hirsch case and in United States v. 15.03 Acres of Land, the court held that the deposit, whether or not the judgment creditor draws it down, is deemed payment pro tanto and the government is not thereafter chargeable with interest on the amount so deposited.

Since the deposit in issue in this case was made pursuant to a judgment as "required by law" it is unnecessary for this Court to decide what results might flow if this had been made as an amendment to the declaration of taking. In this regard see United States v. 15.03 Acres of Land, More or Less, D.C., 158 F.Supp. 122.

In light of the foregoing defendants' motion for award of interest and motion for modification of judgment should be denied, and the judgment as presented by the government should be signed.

It Is Therefore Ordered that the motion for award of interest and the motion for modification of judgment be, and the same are hereby denied.