See also D.C., 247 F.Supp. 741.

**UNITED STATES of America,**
**Petitioner-Plaintiff,**

v.

**CERTAIN LANDS IN SUFFOLK COUN-**
**TY, State of NEW YORK, and Sungic**
**Land Company, Inc., et al., Defendants.**

**No. 65–CD–1025.**

United States District Court
E. D. New York.

June 13, 1967.

Joseph P. Hoey, U. S. Atty. for Eastern District of New York, for petitioner-plaintiff; Peter H. Ruvolo, Asst. U. S. Atty., of counsel.

Patterson, Belknap & Webb, New York City, for defendant Sungic Land Co., Inc.

ZAVATT, Chief Judge.

### MEMORANDUM

On May 19, 1967, this condemnation proceeding was concluded when the jury awarded to the owner, Sungic Land Company, Inc., the sum of $628,750 for the taking, by the Government, of 34.9 acres of land situated between Cherry Grove and Fire Island Pines on Fire Island, New York. When the Government filed its Declaration of Taking on October 7, 1965, it deposited the sum of $375,000 which it estimated to be the just compensation to the owner for the taking. The question now presented to the court by the attorneys for the Government and the attorneys for the defendant is whether or not the owner is entitled to interest on the deposit of $375,000 from the date of the taking.

By virtue of the filing of the Declaration of Taking and the deposit of the said sum of $375,000, title to the land described in the Declaration of Taking and in the complaint vested in the United States of America on October 7, 1965, and the right to just compensation therefor vested in the persons entitled thereto on October 7, 1965. 40 U.S.C. § 258a. On October 8, 1965 this court made and entered an order decreeing the title to the said land vested in the Government on October 7, 1965 and that the Government was entitled to the immediate possession thereof. At any time af-

ter October 7, 1965, therefore, the owner could have applied to this court for an order directing that the money deposited in court be paid forthwith for or on account of the just compensation to be awarded in this proceeding. 40 U.S.C. § 258a. The owner did not do so. Rather, it filed an answer on November 4, 1965 in which it placed in issue the right of the Government to acquire one of the two parcels described in the Declaration of Taking and in the complaint. This parcel, designated as No. 2732, was claimed to be within a community on Fire Island and, therefore, not within the power of the Government to condemn under the enabling statute, 16 U.S.C. §§ 459e–1 to 459e–9. One day after the filing of its answer, the owner filed a notice of motion returnable November 17, 1965 for an order directing that the said sum of $375,000 be paid forthwith to the owner or its designees; adjudging that the complaint be dismissed as to parcel No. 2732 and vacating and setting aside the Declaration of Taking as to that parcel. This motion was denied by an order made and entered December 7, 1965. Thereafter and on March 23, 1966 an order was made and entered herein withdrawing the owner's answer (insofar as it denied the right of the Government to condemn parcel No. 2732), without prejudice to the right of the owner to claim interest on the said deposit of $375,000 from the date of the filing of the Declaration of Taking. On April 20, 1966 an order was made and entered herein directing the payment of $375,000 to and in behalf of the owner. Pursuant to that order checks aggregating $375,000 were drawn and signed on April 21, 1966.

The Declaration of Taking Act, 40 U.S.C. § 258a, provides that, in a condemnation proceeding

"the said judgment shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but in-

terest shall not be allowed on so much thereof as shall have been paid into the court.

* * * If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of the money so received by any person entitled, the court shall enter judgment against the United States for the amount of the deficiency."

The owner contends that it is entitled to judgment in the sum of $253,750 ($628,-750 minus $375,000) with interest on $253,750 at 6% per annum from October 7, 1965 and with interest on $375,000 from October 7, 1965 to April 21, 1966. The Government contends that the owner is entitled to no interest on the sum of $375,000; that it is entitled only to interest at the rate of 6% per annum on the said sum of $253,750 from October 7, 1965.

The purpose of the Declaration of Taking Act, 40 U.S.C. § 258a, is twofold. "First to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, *if his title is clear*, immediate cash compensation to the extent of the Government's estimate of the value of the property. The Act recognizes that there may be error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest." (Emphasis added.) United States v. Miller, 317 U.S. 369 at 381, 63 S.Ct. 276 at 283, 87 L.Ed. 336 (1943). This purpose of the statute would not be given effect if the Government were allowed to retain the benefit of a deposit by opposing withdrawal and in effect freezing it. United States v. 53¼ Acres of Land, 176 F.2d 255 (2d Cir. 1949). Congress did not mean by the word "deposit" that the constitutional mandate of just compensation would be satisfied

by the mere act of delivering cash to some depository. It contemplated a transfer of funds for the effectual withdrawal and use by the former owner of the property taken. United States v. Dunnington, 146 U.S. 338, 13 S.Ct. 79, 36 L.Ed. 996 (1892); Bishop v. United States, 288 F.2d 525 (5th Cir. 1961). However, the effectiveness and sometimes the basis of the Government's opposition to distribution of funds deposited with the court will determine whether or not interest is chargeable against the United States. United States v. 15.03 Acres of Land, 253 F.2d 698 (2d Cir. 1958). Thus, where the Government opposed distribution on the ground that the withdrawal requested exceeded the value of the property, interest was chargeable for the period of the delay. United States v. City of New York, 186 F.2d 418 (2d Cir. 1951). Interest was also allowed against the United States where the Government delayed distribution of the deposit pending the final disposition of an appeal. United States v. 15.03 Acres of Land, supra. But, where the Government deposited the fund and there was a delay in distribution because of a dispute as to the validity of the title asserted by the various claimants, no interest was allowed. United States v. 53¼ Acres of Land, supra.

■ Here, the delay, in distribution from October 7, 1965 to April 21, 1966, was caused not by the Government but by the owner's disputing the right of the Government to acquire a part of its property by eminent domain. The Government opposed the withdrawal of the deposit only until it was judicially determined that the answer was without merit or the owner withdrew its defense that the Government was without power to acquire parcel No. 2732. The owner chose not to withdraw that defense until April 20, 1966. As soon as that defense was withdrawn, distribution of the entire deposit of $375,000 was made.

No interest is to be allowed on the sum of $375,000, deposited on October 7, 1965 and withdrawn on April 21, 1966. Interest, however, is to be allowed at the rate of 6% per annum on $253,-750 ($628,750 less $375,000) from October 7, 1965 to the date of payment thereof. The Clerk is hereby directed to enter judgment in favor of Sungic Land Company, Inc., and against the Government in accordance with this opinion.