Edward M. O ’Gorman, J.
By an ex parte order for the withdrawal of funds heretofore entered on January 25, 1973, the Commissioner of Finance of Orange County was directed to and did pay over to the defendant a sum of money deposited with the Commissioner pursuant to section 555 of the General Munich pal Law. The defendant has made a motion for an order of this court to amend the order of January 25,1973 so as to direct the said Commissioner of Finance to pay over to the defendant the fee in the amount of 2% which had been deducted from the amount on deposit at the time the same was paid over to the defendant.
The plaintiff, being served with a notice of this motion, has cross-moved and seeks an order of this court directing that the interest heretofore paid over by the Commissioner of Finance to the defendant pursuant to the aforesaid ex parte order of January 25,1973, in the amount of $189.56, be paid over to the plaintiff by the defendant, on the ground that the plaintiff was legally entitled thereto in the first instance, pursuant to subdivision 2 of section 555 of the General Municipal Law. Plaintiff further seeks an order of this court directing that the poundage fee in the sum of $463.79 deducted pursuant to the terms of the same ex parte order be paid over by the Commissioner of Finance to the plaintiff for distribution to the persons entitled thereto.
The County Attorney has appeared on behalf of the Commissioner of Finance, and concedes that the said Commissioner is not entitled to a deduction of 2% on the amount held by him on deposit pursuant to the aforesaid section 555 of the General Municipal Law.
The position taken by the County Attorney in this regard is correct. Section 555 provides, “ No sum so paid into court shall be charged with commissions or poundage.”
Plaintiff’s motion for the payment of interest to it must be denied. The statutory scheme of the aforesaid section of the *157 statute pursuant to which plaintiff made its deposit with the Commissioner of Finance, contemplated that the title to the property sought to be condemned for the purposes of urban renewal would vest immediately with the plaintiff. From the time of the payment, the plaintiff no longer had any claim to the funds thus deposited, and no claim of interest thereon.
The court must also hold, within the clear language of the statute, that the defendant is also hot entitled to the payment of interest on the funds so deposited. Section 555 clearly states that ‘ ‘ interest shall not be allowed on so much thereof (final award) as shall have been paid into court.” This is not an inequitable statutory provision, in that the defendant, pursuant to the terms of the aforesaid section of the statute, was in a position, upon proper application, to obtain payment to him of the fund thus deposited by the plaintiff at any time after the deposit.
The motion and the cross motion will be denied. The Commissioner of Finance is hereby directed to refund to the defend-, ant the 2% fee in the amount of $463.79 heretofore deducted from the amount paid over to the defendant, and the defendant is hereby directed to pay back to the Commissioner of Finance the sum of $189.56 interest erroneously paid on the said deposit.