■ NEWBURGH URBAN RENEWAL AGENCY, Appellant-Respondent, v MICHAEL STEIN, Respondent-Appellant, and COUNTY OF ORANGE, Respondent.—In a condemnation proceeding (1) the plaintiff condemnor appeals, as limited by its brief, (a) from so much of an order of the Supreme Court, Orange County, entered August 13, 1973, as denied its cross motion for various relief and (b) from so much of a further order of the same court, entered September 5, 1973, as, upon reargument, adhered to the original determination and (2) the defendant condemnee appeals from so much of a third order of the same court, entered April 24, 1975, as, upon reargument, adhered to the original determination. Appeals from the orders entered August 13, 1973 and September 5, 1973 dismissed, without costs or disbursements. Those orders were superseded by the order entered April 24, 1975 upon reargument. Order entered April 24, 1975 affirmed insofar as appealed from, without costs or disbursements. The question before us is which of the three parties, the plaintiff condemnor, the defendant condemnee or the intervenor County of Orange, is entitled to the interest earned on an estimated compensation award which was paid into court. Pursuant to subdivision 2 of section 555 of the General Municipal Law, plaintiff filed a

declaration that it was taking certain of defendant's property in connection with an urban renewal program and deposited in court the sum of money estimated to be just compensation for the property. The statute provides that, upon such filing and deposit, "title in fee simple to such property shall vest in the petitioner" and that "interest shall not be allowed on so much thereof [of the compensation] as shall have been paid into court. No sum so paid into court shall be charged with commissions or poundage" (bracketed words supplied). The judgment which entitled plaintiff to hold the property for public use contained provisions in accordance with this statute. However, defendant's ex parte application for an order permitting him to withdraw the sum so deposited recited the intervenor's acknowledgment of the existence of the sum ($23,000), *plus interest, less 2% poundage fee,* and the order was drawn accordingly. Thereafter, defendant moved for the return of the poundage fee and plaintiff cross-moved to recover the *interest* which had been paid to defendant. By leave, the County of Orange, whose treasurer had invested the sum deposited, intervened and asked that the interest be repaid to it. By order entered August 13, 1973, Special Term directed the Commissioner of Finance of Orange County to return the poundage fee to defendant and directed defendant to turn back the interest to the intervenor *(Newburgh Urban Renewal Agency v Stein,* 75 Misc 2d 156). Plaintiff appeals from that order and from the first order made on reargument. Upon defendant's further motion to reargue, Special Term granted reargument and adhered to the original determination; defendant appeals from the order entered thereon. In its decision on the second motion for reargument, Special Term observed that the statute in question uses language almost identical to that used in section 258a of title 40 of the United States Code, which has several times been interpreted by the Federal courts to preclude the payment of interest to a condemnee upon the estimated condemnation sum paid into court, citing, e.g., *Atlantic Coast Line R. R. Co. v United States* (132 F2d 959). Had the New York Legislature intended a different result, reasoned Special Term, it would have so stated in the New York statute. It is clear that defendant is not entitled to the interest (see General Municipal Law, § 555, subd 2). Plaintiff, who was awarded *title* to the property upon its deposit of the estimated sum into court, is in the same position it would have been had the money been deposited into a noninterest bearing account. Under these circumstances, we agree that the interest was properly awarded to the intervenor. Gulotta, P. J., Hopkins, Rabin and Shapiro, JJ., concur. [75 Misc 2d 156.]