In the Matter of the Town of Greenburgh. Hazel Turner, Also Known as Hazel Jolley, Appellant. Commissioner of Finance of Westchester County, Respondent.

Second Department, November 5, 1979

APPEARANCES OF COUNSEL

*Hecker & Hecker (Hyman Hecker* of counsel), for appellant.

*Samuel S. Yasgur, County Attorney (Lester D. Steinman* and *Jonathan Lovett* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

In a postcondemnation proceeding pursuant to former subdivision 2 of section 555 of the General Municipal Law, the appeal is by the condemnee from an order which denied her application to compel the Commissioner of Finance of Westchester County to turn over to her certain accrued interest on deposit.

The question on this appeal is who is entitled to the sum of $11,294.59, generated as interest on a sum deposited as a condemnation fund to compensate for a taking of property. In June, 1975 the Town of Greenburgh condemned, for urban renewal purposes, a parcel of property owned by the appellant, Hazel Jolley, upon which a gasoline service station was located. Title to the property vested in the town when, in accordance with former subdivision 2 of section 555 of the General Municipal Law, it deposited the sum of $74,500 with the respondent Commissioner of Finance of Westchester County (the Commissioner). However, before Mrs. Jolley could apply to the court (as required by the statute) to withdraw the $74,500, Best Petro Chemical, Inc. (Best), the lessee of the property, intervened and, on the basis of its allegations of substantial financial interests in the condemned realty, obtained an order enjoining her from withdrawing the funds. Subsequent applications by Mrs. Jolley to withdraw part of the funds were denied.

Following valuation hearings, the town, Mrs. Jolley and Best entered into a judicially approved stipulation of settlement dated July 24, 1978. The stipulation provided, *inter alia,* that the town would pay Mrs. Jolley the $74,500 on deposit "plus interest, if any" as well as an additional $35,500. During the intervening three years which followed the deposit, the $74,500 had earned $11,294.59 in interest, but the Commis-

sioner paid Mrs. Jolley *only* the $74,500 and refused to turn over the interest. She then commenced this proceeding to compel payment of the interest but, based on the language of former subdivision 2 of section 555 of the General Municipal Law that "interest shall not be allowed on so much thereof as shall have been paid into court" and the authority of *Newburgh Urban Renewal Agency v Stein* (75 Misc 2d 156, affd 51 AD2d 1006, mot for lv to app den 39 NY2d 710), Special Term denied her application. This appeal followed.

We believe that the proscription against payment of interest contained in former subdivision 2 of section 555 of the General Municipal Law is not applicable to the instant circumstances and, therefore, Special Term's order must be reversed. Under former subdivision 2 the condemnor could file before judgment a "declaration * * * that the property described in the petition is being taken in connection with the carrying out of an urban renewal program * * *. Upon filing such declaration and the deposit, in the court in which the proceeding is pending, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in such declaration, title in fee simple to such property shall vest in the [agency] and the right to just compensation shall vest in the persons entitled thereto * * * [I]nterest shall not be allowed on so much thereof as shall have been paid into court."

The foregoing language, inserted in 1972 (see L 1972, ch 357, § 2), replaced provisions under which title to the condemned property vested with the condemnor in the sole *discretion* of the trial court (see L 1962, ch 921, § 1), and it thus provided a mechanism for the automatic vesting of title in the condemnor. Review of the legislative history indicates that the change was occasioned by the passage of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (US Code, tit 42, § 4601 *et seq.)*, and that the "[f]ailure to make the proposed statutory change will jeopardize the receipt of federal financial aid from HUD to New York municipalities and urban renewal agencies" (Memorandum of Executive Division: Division of Housing and Community Renewal, Legislative Bill Jacket). In mandating a "uniform policy on real property acquisition practices" among the States (US Code, tit 42, § 4651), the Federal statute incorporated by reference the repayment and deposit procedures of section 258a of title 40 of the United States Code. Examination of the latter statute reveals procedures virtually identical with the

General Municipal Law, including the critical language, "but interest shall not be allowed on so much thereof as shall have been paid into the court". This Federal statute contemplates "a transfer of funds for the effectual withdrawal and use by the former owner of the property taken", not merely an empty act of "delivering cash to some depository" *(United States v Certain Lands in Suffolk County, State of N. Y.,* 270 F Supp 323, 326).

Title to moneys deposited into court is vested with the County Treasurer (CPLR 2601, subd [c]), but this title is expressly "for the benefit of interested parties" (CPLR 2601, subd [c]) and has been held to be akin to the title a fiduciary possesses with respect to trust property (see *Matter of Natelson v Portfolio,* 291 NY 290, 294, citing *Mills v Bluestein,* 275 NY 317, 322; see, also, State Finance Law, §§ 182, 183; County Law, § 551; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2601.15). The fiduciary is directed by statute to deposit the fund "with advantage to the parties interested" (see State Finance Law, § 182). It is difficult to discern how such a deposit could be to the "advantage" of a party interested if the income earned on the money is to be kept by the fiduciary for the benefit of the third-party municipality which employs the fiduciary.

We believe that the purpose of the former statutory language of subdivision 2 of section 555 of the General Municipal Law was to cut off the condemnor's obligation to pay interest to the condemnee to the extent of the amount deposited in court—but the provision was not intended to confer a gratuity upon the fiduciary with whom the deposit was made. Simply stated, the Commissioner's contention is that the statute gives him the right to appropriate the condemnation litigant's funds for the benefit of the depositary municipality. The practical result of that interpretation is to penalize a condemnee who has equitable title to the fund but is restrained from obtaining it. In this respect, we note that *United States v 53¼ Acres of Land* (176 F2d 255), cited by our dissenting brother, dealt with the condemnor's obligation to pay interest to multiple condemnees after having made an unallocated deposit of the value of their properties. The case did not involve the *depositary's* obligation to pay interest generated by the deposit itself. Here the condemnor asserts no claim to the interest generated by the deposit.

The ambiguous language of former subdivision 2 of section

555 has since been eliminated by the enactment of section 304 of the Eminent Domain Procedure Law (L 1977, ch 839, eff July 1, 1978) which provides that the interest on the deposit will be paid to the condemnee. We believe that the new legislation more clearly reflects the original intention of the Legislature which was inarticulately stated in the General Municipal Law. To the extent that *Newburgh Urban Renewal Agency v Stein* (75 Misc 2d 156, affd 51 AD2d 1006, mot for lv to app den 39 NY2d 710, *supra)* may be read as being inconsistent with our holding here, we now overrule it.

Accordingly, the order of Special Term must be reversed and the application to compel payment of the interest to appellant granted.

GULOTTA, J. (dissenting). I dissent and vote to affirm the order.

I cannot agree that the appellant, Mrs. Jolley, is entitled to the interest generated by the principal fund, notwithstanding the fact that her inability to obtain it *ab initio* was occasioned through no fault of her own. Both State and Federal case law is firmly settled in favor of the position of the respondent Commissioner of Finance of Westchester County, i.e., that the condemnee is not entitled to any interest after the money has been deposited into court (see *Newburgh Urban Renewal Agency v Stein,* 75 Misc 2d 156, affd 51 AD2d 1006, mot for lv to app den 39 NY2d 710; see, also, *United States v 53¼ Acres of Land,* 176 F2d 255, 259). While the salient part of the operative statute here (General Municipal Law, § 555), has since been repealed and replaced by one which would allow the payment of interest under like circumstances (see Eminent Domain Procedure Law, [EDPL], § 304), I am nevertheless constrained to point out that the Legislature has specifically provided an effective date for the new statute (July 1, 1978; EDPL, § 709), which was *subsequent* to the instant condemnation, and has further provided that "[t]his chapter shall *not* affect pending actions or proceedings * * * but the same may be prosecuted or defended in the same manner and with the same effect as though this chapter had not been enacted" (L 1977, ch 840, § 151, emphasis supplied; see, also, EDPL, § 706).

I note in passing that under the prevailing statutory and decisional law the "stipulation of settlement" entered into between the appellant and the Town of Greenburgh regarding the payment of accrued interest "if any" was without legal

effect to bind the County Commissioner of Finance, as the condemning authority possessed neither right nor title to either the fund or the accrued interest at the time that the stipulation was made (see *Newburgh Urban Renewal Agency v Stein, supra).* Moreover, I am not favorably disposed toward overruling the *Newburgh* decision, especially where, as here, the effect of so doing would be to accord to a portion of the EDPL a retroactive effect which the Legislature, in its judgment, found inadvisable. Finally, although it appears that the appellant was thwarted in her attempts to reduce the fund to possession because of the intervention of her lessee (Best Petro Chemicals, Inc.), which claimed an interest in the fund, I know of no valid reason why the acts of such third party should operate to the county's detriment. If the conduct of Best Petro Chemicals, Inc., was improper and unwarranted under the facts of the instant case and resulted in prejudice to the appellant, then perhaps the former should be required to respond in damages.

For all the foregoing reasons I would affirm.

LAZER, J. P., COHALAN and MARGETT, JJ., concur in *Per Curiam* opinion; GULOTTA, J., dissents and votes to affirm the order, with an opinion.

Order of the Supreme Court, Westchester County, reversed, on the law, without costs or disbursements and application granted.