OPINION OF THE COURT
Joseph Jiudice, J.
This is a motion by the County of Dutchess which, by order of this court, has been granted permission to intervene in this action. The county moves to modify a prior order of this court dated March 23, 1979, which directed the Commissioner of Finance of Dutchess County to pay the sum of $40,000 on deposit with it to Leemilt’s Petroleum, Inc. Said order directed that the aforesaid sum be paid with 6% interest per annum. The County of Dutchess seeks an order of this court striking *496 from the first decretal paragraph of the foregoing order the following language: "together wjth 6% interest per annum”.
In this condemnation proceeding, a prior order of condemnation and immediate possession directed the Beacon Urban Renewal Agency to deposit the sum of $40,000 as security. Said sum was deposited with the Commissioner of Finance of Dutchess County in July, 1976.
It was not until February, Í979, that the defendant, Lee-milt’s Petroleum, Inc., made an application pursuant to section 555 of the General Municipal Law for an order to obtain possession of the sum of $40,000 previously deposited with the commissioner of finance. |
The Appellate Division of the Second Judicial Department has held that a condemnee is not entitled to interest on such sum deposited pursuant to subdivision 2 of section 555 of the General Municipal Law, and thjat any interest earned belongs to the county (Newburgh Urban Renewal Agency v Stein, 51 AD2d 1006).
Leemilt’s Petroleum, Inc., relies upon a subsequent decision by the Appellate Division, Second Department, in the case of Matter of Town of Greenburgh (Turner) (70 AD2d 409). It is Leemilt’s position that this decision overruled in its entirety the holding in Newburgh Urban Renewal Agency v Stein (supra). In the Town of Greenburgh case, the condemnee, prior to applying for withdrawal of | the sum previously deposited, was enjoined by court order from withdrawing the funds. Such order was obtained upon application of the lessee of the property who had been granted permission to intervene in the proceeding. j
At first reading, it would appear that the Appellate Division, in the Greenburgh case, overruled in every respect their decision in the Newburgh Urban Renewal case. A closer analysis of the Greenburgh opinion, however, leads to the inescapable conclusion that the decision was based upon the fact that the condemnee had tieen restrained by court order from obtaining the fund on deposit. No other conclusion can be reached when interpreting the language of subdivision 2 of section 555 of the General Municipal Law. Once a deposit is made by a condemnor pursuant to this section, a condemnee, as a party in interest, has an immediate right to make application for an order of withdrawal of the sum so deposited. Since a condemnee has equitable title to the fund, it has an immediate right to obtain it), and it cannot be penalized by *497 allowing a commissioner of finance to retain interest in a situation where it is restrained from obtaining the funds. In this court’s opinion, the Appellate Division in the Greenburgh case made this exception and its decision was based upon the fact that the condemnee had, in fact, been restrained from obtaining the fund and exercising her immediate right to it pursuant to subdivision 2 of section 555 of the General Municipal Law.
The court further believes that the Appellate Division’s reversal of its decision in the Newburgh case did not affect the general rule therein stated, but merely created an exception to the general rule in a situation where a party in interest was prevented from applying for withdrawal of the fund on deposit.
To hold otherwise would mean that a condemnee, as a party in interest, could forego exercising its right to apply for withdrawal of the fund for an extended length of time and then claim interest upon the ultimate application. This clearly would be contrary to the purpose and intent of former subdivision 2 of section 555 of the General Municipal Law.
In the instant case, it is undisputed that the condemnee, Leemilt’s Petroleum, Inc., was not prevented from making application for withdrawal of the fund, and it cannot rely on the Greenburgh case in support of its claim for interest. The court concludes that the general rule set forth by the Appellate Division in the Newburgh Urban Renewal Agency case (supra) is applicable herein.
Accordingly, the motion by the County of Dutchess to modify this court’s order to delete therefrom the interest provision is granted, and the County Attorney is directed to submit an order, on notice, in accordance with the terms of this decision.