ATLANTIC SEABOARD CORPORATION, a corporation, Appellee,

v.

Madeleine Kneppelhout VAN STERKENBURG and Cornelis Kneppelhout Van Sterkenburg, her husband, Appellants.

No. 8811.

United States Court of Appeals Fourth Circuit.

Argued Jan. 10, 1963.

Decided June 3, 1963.

Herbert M. Brune, Baltimore, Md.
(R. Edwin Brown, Rockville, Md., and
Sidney C. Miller, Jr., Baltimore, Md., on
brief), for appellants Jesse Slingluff,
Baltimore, Md. (John W. Avirett, 2d,
Baltimore, Md., Herbert W. Bryan,
Charleston, W. Va., Morton P. Fisher,
Jr., and Piper & Marbury, Baltimore,
Md., on brief), for appellee.

Before HAYNSWORTH, BOREMAN and BELL, Circuit Judges.

HAYNSWORTH, Circuit Judge.

Without questioning the condemnor's right to condemn or the amount of the award as determined by the District Court, the condemnees have appealed, raising a number of procedural points in the apparent hope of obtaining a new trial before a jury and, possibly, damages for trespass on account of the condemnor's acts upon the land during the pendency of this appeal. We find no merit in any of the several points raised.

Atlantic Seaboard Corporation is a Delaware Corporation and, within the meaning of the Natural Gas Act,[1] is a "natural-gas company" engaged in the transportation of natural gas in interstate commerce. It obtained from the Federal Power Commission a certificate of public convenience and necessity for the construction of a new 30-inch natural gas transmission line designed to serve the Baltimore area. By negotiation, it obtained most of the necessary easements for construction and maintenance of the pipe line, but had not obtained by that means easements through three tracts of land. It undertook to condemn easements through those three tracts of land by virtue of the authority contained in § 7(h) of the Natural Gas Act.[2]

One of those tracts of land in Montgomery County, Maryland, was owned by the defendants, Van Sterkenburg. Process and notice of filing of the complaint were served on Mr. Van Sterkenburg on April 25, 1962. Service on Mrs. Van Sterkenburg had been effected earlier. The answer of Mr. Van Sterkenburg was thus due on May 15, 1962. On May 14, 1962, the owners, Van Sterkenburg, jointly filed a Motion for a More Definite Statement. The condemnor opposed this motion on the ground that it was untimely, in any event as to Mrs. Van Sterkenburg, and that, as to Mr. Van Sterkenburg, it was interposed solely for the purpose of delay and sought detailed information, going to the question of damages only, which was unnecessary for the preparation of a responsive pleading. At the same time, by letter, it gave to the owners the information the owners had sought by their motion. The Motion for a More Definite Statement was denied by order dated June 15, 1962, which contained a provision that answers should be filed within ten days from the date of that order.

On June 22, 1962, the owners filed a Motion To Dismiss The Complaint For Failure to State a Claim on Which Relief Can Be Granted. The motion was upon various grounds, such as failure of the complaint to allege that the plaintiff was qualified to do business in the State of Maryland. Later, on the same day, the defendants filed an answer reserving their rights under their motion to dismiss. The motion to dismiss was heard on June 26. At the conclusion of the hearing, the Court indicated that the motion to dismiss would be denied, and a formal order to that effect was later entered.

During the hearing on June 26, 1962, the owners, for the first time, demanded a jury trial. That demand was followed on June 29, 1962 by a formal motion for a jury trial. On July 5, 1962, a hearing was held on the jury demand, after which the demand was denied on the ground that it was untimely and the Court was not disposed to exercise its discretion to waive the procedural default.

The plaintiff, from the outset, had been pressing for an early trial and disposition of the proceeding so that it could construct and complete the natural gas transmission line before the onset of winter and provide service to prospective customers during the heating season of 1962–1963. The attorneys for the owners had cooperated to the extent of agreeing on a trial date of July 9, 1962, and the trial of the matter before the Court, without a jury, commenced on that day. At the conclusion of those proceedings, the Court made an award of

1. 15 USCA § 717a(6).

2. 15 USCA § 717f.

$7,000 covering just compensation to the owners and their incidental damages.

The owners refused to accept the award. The Court then entered an order, upon the plaintiff's motion, authorizing the plaintiff to pay the amount of the award into the registry of the Court, the effect of which was to authorize the plaintiff to take immediate possession of the easement and to proceed with the construction of the pipe line.

After the plaintiff commenced construction work on the owners' land, they filed an action in the Circuit Court for Montgomery County, Maryland, against the plaintiff, seeking actual and punitive damages for the alleged trespass of the plaintiff, but the District Court entered an order enjoining their prosecution of that action.

On appeal, the owners complain of a denial of their motions for a more definite statement and for a dismissal for failure to state a claim upon which relief could be granted. They complain of the denial of a jury trial and of the Court's order permitting the plaintiff to pay into the Court the amount of the award and proceed with the construction of the pipe line pending this appeal.

■ We need not consider the dubious merits of the motion for a more definite statement or of the motion to dismiss, for they were not allowable pleadings.

Under Rule 71A(e) of the Federal Rules of Civil Procedure,[3] a defendant in a condemnation proceeding may file a notice of appearance, or, if he has some objection or defense to the taking, he may file an answer within 20 days of the service of the notice upon him. If he files no answer, he is entitled to be heard on the question of just compensation and to participate in the award. The permissive answer is thus specifically designed for the purpose of raising objections and defenses apart from the amount of just compensation. In the final sentence of the Rule, it is specifically provided, "No other pleading or motion asserting any additional defense or objection shall be allowed."

The rather summary procedure of Rule 71A was not intended to foreclose defenses or to restrict their presentation by owners of condemned property. Whatever defenses and objections are available may be raised by answer. The prohibition of other pleadings clearly had, as its purpose, an early joinder of issue and the elimination of the possibility of extended delay through the presentation of preliminary pleadings with resultant hearings and orders.[4] One pleading to raise all objections and defenses to the taking and one hearing to dispose of them are contemplated, not successive pleadings and successive hearings spanning a much longer period of time. The Rule's prohibition of any pleading other than an answer is clear and unequivocal. The preliminary motions tendered here were unallowable.

■■ The complaint here contained a "short and plain statement," fully meeting the requirements of Rule 71A(c) The additional information, going large-

3. "Appearance or Answer. If a defendant has no objection or defense to the taking of his property, he may serve a notice of appearance designating the property in which he claims to be interested. Thereafter he shall receive notice of all proceedings affecting it. If a defendant has any objection or defense to the taking of his property, he shall serve his answer within 20 days after the service of notice upon him. The answer shall identify the property in which he claims to have an interest, state the nature and extent of the interest claimed, and state all his objections and defenses to the taking of his property. A defendant waives all defenses and objections not so presented, but at the trial of the issue of just compensation, whether or not he has previously appeared or answered, he may present evidence as to the amount of the compensation to be paid for his property, and he may share in the distribution of the award. No other pleading or motion asserting any additional defense or objection shall be allowed."

4. See City of Davenport v. Three-fifths of an Acre of Land, S.D.Ill., 147 F.Supp. 794, affirmed 7 Cir., 252 F.2d 354.

ly to the amount of the damages which the owners sought, was procurable in ordinary discovery proceedings if it was not to be had for the asking. As a matter of fact, the information sought by the motion for a more definite statement was supplied by the plaintiff at the time it filed its objections to the motion.

■■ The question of the sufficiency of the complaint clearly can be raised in the answer. There are no fundamental concepts of fairness in procedure which require that a defendant in a condemnation proceeding be allowed to raise such questions by motion rather than by answer. By answer, it can raise every possible defense without prejudice to any other. Indeed, there is no suggestion here that the summary dismissal of the two motions in any way prejudiced the defendants in the presentation of all defenses and objections available to them.

The fact that the two motions were successively filed, however, constitutes the underlying basis of the owners' contention that their demand for a jury trial was not untimely. When the motion for a more definite statement was denied on June 15, the Court included in the order a statement that "answer [is] to be filed within 10 days from date hereof." On June 22nd, the defendants filed their motion to dismiss and an answer. Their contention, however, is that the filing of the motion to dismiss extended the time for answering for a period ending 10 days after the Court's order disposing of the motion to dismiss. They would thus come to the conclusion that the time for answering the notice, served upon the second of them on April 25, 1962, was extended by the preliminary motions until July 13, 1962, ten days after the motion to dismiss was denied on July 3rd. By such reasoning they conclude that the demand for a jury trial, first made on June 26th, was timely.

■■ Under the Rule, it seems plain that the answer is due within 20 days after the service upon the owners of the notice of filing of the complaint. The filing of the unauthorized preliminary pleadings did not extend the time for answering. Doubtless, when denying the motion for a more definite statement, the Court had the discretionary authority to grant the defendants the right to file an answer on or before June 25th, as it did, and we may assume, without deciding, that the extension of time for filing the answer by implication enlarged the time within which the owners might demand a jury. There was no order extending the time for answering beyond June 25th, however, and since the filing of the unallowable motion to dismiss could not automatically extend the time for answering, the demand for a jury, first made on June 26th, was untimely.

■ We find no basis for the contention that the Court's denial of the tardy demand for a jury was an abuse of its discretion. It is contended that one of the attorneys for the owners was unaware of the fact that this condemnation proceeding was governed by Rule 71A, but his cocounsel was fully aware of the fact. Moreover, under Rule 71A(h), there is no absolute right to a jury trial on the issue of just compensation in condemnation cases. If the Congress has provided a special tribunal for that purpose, the trial is before that tribunal, and the Court, under certain circumstances, has the right to order the issue tried before a commission of three persons,[5] despite a timely demand for a jury.

Finally, the owners complain of the postjudgment order, permitting the plaintiff to pay the amount of the award into the registry of the Court and to enjoy the easement which it had condemned.

After the Court had orally announced its conclusions and its determination of $7,000 as the amount of just compensation, the plaintiff, through its attorneys, revealed its intention to proceed immediately with the construction of the pipe line through the land of the owners.

---

5. *Federal Rules of Civil Procedure*, 71A(h); see *United States* v. *Cunningham*, 4 Cir., 246 F.2d 330.

Thereupon, counsel for the defendants inquired as to the amount of bond which would be required of them, evidently having in contemplation the filing of a supersedeas bond. In the resultant colloquy, the Court indicated that a supersedeas bond would have to be in an amount sufficient to compensate the plaintiff for the delay in the event that the judgment was affirmed on appeal. The plaintiff's counsel then broke off the discussion, saying they would go later into the question of a bond.

Thereafter, the owners, in lieu of an ordinary appeal bond, deposited $250 in cash in the registry of the Court, and, as indicated above, when the plaintiff entered the land for the purpose of constructing the pipe line, the owners filed in the state court an action seeking actual and punitive damages arising out of the asserted trespass of the gas line company. It is against this background that the owners now contend that the Court had no authority to enter the postjudgment order permitting the pipe line company to pay the amount of the award into the registry of the Court and to begin the use and enjoyment of its easement.

▮▮▮▮▮▮ We think the Court had abundant authority for its order. It is true that Rule 71A(j) appears to refer only to prejudgment deposits "required by law as a condition to the exercise of the power of eminent domain * * * [or] permitted by statute." [6] Inherently, however, the condemnation court possesses the power to authorize immediate entry by the condemnor upon the condemned premises, and, it may, for that purpose and for the protection of the owner, permit or require the payment of the amount of the award into the registry of the court.[7] There is no valid reason why an owner, dissatisfied with the amount of the award, should be allowed, by a fruitless and meritless appeal, to postpone indefinitely the condemnor's enjoyment of the premises, imposing upon the condemnor great, perhaps irreparable, damage, all without risk of further loss or injury to the owner. If, as a result of a successful appeal by the owner, the amount of the award should be increased, the condemnor must pay the additional amount, and, if it should ultimately be held that the taking, itself, was improper, the condemnor, who had entered upon the land pending appeal, would be responsible to the owner for damages. For the protection of an appealing owner in such circumstances, the condemnation court would have a discretionary right to require the condemnor to deposit a sufficient bond for the protection of the appealing owner, but there was no such application in this case. The only discussion of bond filings was directed to the amount of a supersedeas bond to be filed by the owners.

We conclude that the Court had the authority, after judgment, to permit the plaintiff to pay into the Court the amount of the award and, thereupon, immediately to enter upon the land and to construct and lay its pipe line. Its orders to that effect were neither in excess of its authority nor an abuse of its discretion.

As indicated at the beginning, this appeal presents no question of the authority for the taking of the easement or of the sufficiency of the evidence to support the Court's determination of the amount of just compensation. We have reviewed all of the owners' assertions of procedural errors, but find no merit in them.

Affirmed.

6. See United States v. Hirsch, 2 Cir., 206 F.2d 289; cf. United States v. 211.59 Acres of Land, N.D.Calif., 179 F.Supp. 431.

7. See United States v. Hirsch, 2 Cir., 206 F.2d 289; 7 Moore's Federal Practice, p. 2768.