Filed:  May 20, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 96-2136
(CA-94-3535-JFM)

---

United States of America,

Plaintiff - Appellee,

versus

Gloria J. Keller, et al,

Defendants - Appellants.

---

O R D E R

---

The Court amends its opinion filed April 27, 1998, as follows:

On page 5, second full paragraph, line 2 -- the phrase "for such a trial" is changed to read "for a jury trial."

On page 9, continuation of footnote 4, line 4 -- a space is inserted between the words "it" and "cannot."

For the Court - By Direction

/s/ Patricia S. Connor

---

Clerk

PUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

GLORIA J. KELLER; GLADYS I.
POFFINBERGER; EDGAR POFFINBERGER;
CHARLOTTE KELLER,
Defendants-Appellants,                                  No. 96-2136

and

41.98 ACRES OF LAND, MORE OR
LESS, SITUATED IN FREDERICK
COUNTY, MARYLAND; UNKNOWN
OWNERS,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-94-3535-JFM)

Argued: October 27, 1997

Decided: April 27, 1998

Before LUTTIG, Circuit Judge, CAMPBELL, Senior Circuit Judge
of the United States Court of Appeals for the First Circuit,
sitting by designation, and TRAXLER, United States District Judge
for the District of South Carolina, sitting by designation.

_____

Affirmed by published opinion. Judge Luttig wrote the majority opin-
ion, in which Senior Judge Campbell joined. Judge Traxler wrote a
dissenting opinion.

**COUNSEL**

**ARGUED:** R. Edwin Brown, BROWN & STURM, Rockville, Maryland, for Appellants. M. Alice Thurston, Environment and Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Laurie R. Hanig, BROWN & STURM, Rockville, Maryland, for Appellants. Lois J. Schiffer, Assistant Attorney General, Joy Ryan, Aimee Jiminez, John A. Bryson, Environment and Natural Resources Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

**OPINION**

LUTTIG, Circuit Judge:

This appeal arises from a condemnation proceeding initiated by the United States to obtain title to property owned by the defendants-appellants ("landowners"). Because the landowners believe the district court erred in denying their untimely demand for a jury trial on the issue of just compensation, they appeal that court's determination of the amount of compensation due them. For the reasons stated herein, we affirm.

I.

On December 21, 1994, the United States filed a complaint in condemnation to obtain, assertedly for the purposes of administering, preserving, and developing the Appalachian National Scenic Trail, approximately 42 acres of land owned by the landowners. See J.A. at 6. The government simultaneously served the landowners with notice, and included with the notice a demand for a jury trial on the issue of just compensation pursuant to FRCP 71A. Id. at 6, 8. The landowners did not file an answer to the complaint.**1**

---

**1** Under FRCP 71A(e), a landowner's failure to answer a complaint in condemnation constitutes a waiver of objections or defenses to the taking of his property, but does not foreclose him from presenting evidence as to the amount of compensation to be paid for the property.

2

Several months of negotiations ensued between government counsel and the landowners. Orally and in writing, the government repeatedly urged the landowners to retain counsel. See J.A. at 33. Throughout 1995, the landowners did not obtain counsel, but actively negotiated on their own behalf.

In January of 1996, the government requested that the condemnation dispute be scheduled for trial in May, J.A. at 30-31, and the court apparently complied. In early April, as the trial drew near, government counsel informed the landowners in writing:

> [N]ow with the trial date approaching, I must change my role from being a negotiator to that of advocate. . . .
>
> As you know, I have suggested on several occasions that you get an attorney to represent you. I still believe that is good advice. However, I want you to understand that, if you wait until shortly before trial to bring in an attorney, your attorney will have to prepare quickly. I will not be able to agree to delay the trial. Therefore, I suggest that, if you are going to change your mind and retain an attorney, you should do so within a week.

J.A. at 33. Shortly thereafter, the landowners retained counsel. On April 18, 1996 -- nearly sixteen months after the initial complaint was filed -- counsel for the landowners filed a demand for a jury trial on the issue of just compensation. J.A. at 16-17. Four days later, the government formally withdrew its demand for a jury trial, and concurrently filed a motion to "retain" the "non-jury trial setting." J.A. at 18-19.**2**

The trial was ultimately continued until July 22-23, 1996, to allow the landowners' counsel time to prepare. On July 8, 1996, the district court denied the landowners' demand for a jury trial. This denial was explicitly based on that court's attempt to resolve certain discovery

_____

**2** It is not entirely clear from the record whether the case had in fact been set for a nonjury trial; while the government had requested a bench trial for two other cases the same day, it had not specifically made such a request for this case. See J.A. at 30-31.

3

disputes that had arisen (the landowners had failed to disclose in a timely manner the nature of their expert appraisal reports or the identity of their trial witnesses, and the government had accordingly sought to exclude this evidence) in a manner it believed fair to both parties:

> Frankly, in light of the other motions, I -- there have been all kinds of motions filed regarding discovery matters because of late production of discovery. So . . . I finally decided that the just way to resolve this was to deny the untimely request for a jury trial.
>
> I am going to let things happen today and see where we stand in terms of the discovery issues. I want the landowners to be able to fully present their case as they see appropriate. If it ultimately turns out that I cannot finally decide the issues today because of unfair prejudice to the United States because of not having been told things in advance, then one of the virtues of a nonjury case is that we can postpone it.
>
> Hopefully, after all is said and done today, the landowners . . . will be able to express his and their views, and I will be able to come to a decision. If not, as I say, one of the benefits of a nonjury case is that we won't have to worry about bringing eight to twelve people back. I will just postpone it and see where it goes.

J.A. at 118. In accordance with its reasoning, the district court proceeded to conduct a bench trial on the issue of just compensation. The landowners appealed.

II.

The law governing access to jury trials in federal condemnation proceedings is relatively clear. First, it is settled law that there is no constitutional right to a jury trial in such a proceeding. See, e.g., United States v. Reynolds, 397 U.S. 14, 18 (1970); Bauman v. Ross, 167 U.S. 548, 593 (1897). Rather, the availability of a jury trial in a condemnation case brought by the United States is governed by FRCP 71A(h), which provides:

4

If the [condemnation] action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

It is clear that this rule does not provide an "absolute right" to a jury trial. Atlantic Seaboard Corp. v. Van Sterkenburg, 318 F.2d 455, 459 (4th Cir. 1963). Not only is a party's access to such a trial restricted to the issue of just compensation, see Reynolds, 397 U.S. at 19 (so interpreting FRCP 71A), but a jury trial even on this issue cannot be obtained if Congress has by statute provided a special tribunal for trial of the issue, or if the court, in its discretion, orders that the issue be determined by commission. See United States v. 21.54 Acres of Land, 491 F.2d 301, 304 (4th Cir. 1973); Atlantic Seaboard, 318 F.2d at 459; United States v. Cunningham, 246 F.2d 330, 332 (4th Cir. 1957).

Furthermore, to obtain even the limited access to a jury provided by the rule, a party must make a timely demand for a jury trial. Unless otherwise provided by the court, a defendant must make such a demand within twenty days of service of notice of the government's complaint. Compare FRCP 71A(h) (Jury demand must be filed "within the time allowed for answer or within such further time as the court may fix."), with FRCP 71A(e) (Defendant's answer is due "within 20 days after the service of notice."). Fourth Circuit precedent makes clear that where a party makes an untimely demand for a jury trial, a district court may, in its discretion, deny that demand and instead conduct a bench trial. Compare Atlantic Seaboard, 318 F.2d at 457-58 (District court conducted bench trial of all issues, including that of just compensation, after denying jury demand "on the ground that it was untimely and the Court was not disposed to exercise its

5

discretion to waive the procedural default."), with id. at 459 ("We find no basis for the contention that the Court's denial of the tardy demand for a jury was an abuse of its discretion.").

III.

The landowners do not challenge the validity of these general principles. Nor do they dispute either the fact that they did not demand a jury trial until almost sixteen months after receiving notice of the condemnation complaint, or the fact that the district court neither extended the deadline for making such a demand nor exercised its discretion to excuse the landowners' procedural default. Nevertheless, the landowners argue that the district court wrongfully denied their demand for a jury trial.

In so arguing, and in attempting to distinguish the principles set forth above, the landowners rely on the facts that (1) the landowners were not represented by counsel at the time that they should have demanded a jury trial, (2) the government did not tell the landowners that they needed to demand such a trial, and (3) the government initially demanded a jury trial, and then subsequently withdrew this demand. On the basis of these facts, the landowners urge us to find either that they did not knowingly waive their right to a jury trial, or that the government was estopped from withdrawing its demand for a jury trial, and to hold, on either or both of these grounds, that the district court erred in denying their untimely jury demand.

We do not believe, however, that the facts urged by the landowners required the district court to grant the landowners' belated demand. As for the fact that the landowners were unrepresented by counsel, we note simply that this circumstance resulted from the landowners' deliberate choice not to consult or retain counsel, that the government repeatedly, and ultimately successfully, urged the landowners to reconsider this initial decision, see J.A. at 33, and thus that any prejudice that may have resulted from the landowners' pro se status can be ascribed to no one other than the landowners themselves. And as for the fact that the government did not inform the landowners that they needed to demand a jury trial, we note primarily that FRCP 71A(d)(2) specifies precisely what information the government must provide when it serves notice of a condemnation action, that the gov-

6

ernment here complied with the requirements of this rule, and that FRCP 71A(d)(2) simply does not require the government to inform landowners when or how they may demand a jury trial.

At first blush, the fact that the government initially demanded a jury trial on the issue of just compensation, and then subsequently withdrew this demand, appears slightly more problematic. As the landowners note, FRCP 38(d) states that "[a] demand for trial by jury made <u>as herein provided</u> may not be withdrawn without the consent of the parties." (Emphasis added). Although the landowners half-heartedly argue that the italicized language in this rule refers to a jury demand made pursuant to any of the Federal Rules of Civil Procedure, and thus that the rule operated to prevent the government from withdrawing its jury demand without the landowners' consent, we believe it quite clear that the italicized language refers to a jury demand made pursuant to the procedures outlined earlier in FRCP 38.**3** <u>See</u> FRCP 38(b) (outlining procedures by which "[a]ny party may demand a trial by jury of any issue triable of right by a jury"). And in the case <u>sub judice</u>, the government's jury demand was made not pursuant to FRCP 38(b), but rather pursuant to FRCP 71A(h), which does not similarly prohibit the withdrawal of a jury demand.

Nor can we, consistent with the language of either FRCP 71A or FRCP 38, read the requirements of FRCP 38(d) to apply to a condemnation proceeding. First, FRCP 71A makes clear that where, as here, that rule speaks to a procedural issue, it preempts other rules of procedure. <u>See</u> FRCP 71A(a) ("The Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule."). Second, and more importantly,

_____

**3** We find unpersuasive the landowners' efforts to distinguish this language from that contained in the preceding sentence, which provides that "[t]he failure of a party to serve and file a demand <u>as required by this rule</u> constitutes a waiver by the party of trial by jury," FRCP 38(d) (emphasis added), which indisputably limits the scope of the sentence in which it is contained to jury demands made pursuant to FRCP 38. If anything, the close proximity between this sentence and the subsequent sentence at issue in this case confirms our understanding that the latter sentence is also so limited.

FRCP 38 -- which is, after all, entitled "Jury Trial of Right" --
applies by its terms only to cases where a party has a constitutional
or statutory right to a jury trial. Compare FRCP 38(a) ("The right of
trial by jury as declared by the Seventh Amendment to the Constitu-
tion or as given by a statute of the United States shall be preserved
to the parties inviolate."), with FRCP 38(b) ("Any party may demand
a trial by jury of any issue triable of right by a jury by [following
specified procedures]."). As noted earlier, however, it is settled law
that there is no constitutional right to a jury trial in a condemnation
case. And we do not believe that the limited, conditional access to a
jury contemplated by FRCP 71A(h) constitutes a statutory right to
trial by jury within the meaning of FRCP 38, especially where, as
here, the party seeking to assert such a "right" has not complied with
the requirements of FRCP 71A(h) by, inter alia, making a timely jury
demand. Such a party is not even entitled to a jury determination of
the single issue of just compensation under FRCP 71A(h); a fortiori,
such a party cannot be said to have a statutory right to a jury trial.
Accordingly, such a party's demand for a jury trial simply falls out-
side the purview of FRCP 38.

These considerations make clear that, because the landowners
failed to comply with the procedures outlined in FRCP 71A, they had
no right to a jury trial on the issue of just compensation. Accordingly,
their argument that they did not voluntarily waive this "right" must
fail. And even if the landowners had a constitutional or statutory right
to such a trial, a failure to make a timely jury demand would clearly
constitute waiver. See FRCP 38(d). Nor, given that the government
complied with the express requirements of FRCP 71A-- a rule
which, unlike FRCP 38, does not prohibit the unilateral withdrawal
of a jury demand -- can we find that the government was estopped
from withdrawing its jury demand. To do so, we would be required
either to engraft an implicit limitation upon the plain language of
FRCP 71A, or to import into the rule principles of estoppel from
FRCP 38 or other sources. This we are unwilling to do.**4**

_____

**4** While the preceding analysis makes clear that the district court was
not required to grant the landowners' belated demand for a jury trial, it
is also clear that the court could have chosen, in its discretion, either to
extend the deadline for making a jury demand, see FRCP 71A(h), or to

CONCLUSION

For the foregoing reasons, the district court's determination of just compensation is affirmed.

AFFIRMED

TRAXLER, District Judge, dissenting:

With respect, I dissent. In my view, the government could not withdraw its timely demand for a jury trial without the landowners' consent. I would remand either for a jury trial on the issue of just compensation or, if the district judge determines that it is appropriate, for appointment of a three-person commission to resolve the matter.

I.

As the majority rightly observes, because there is no constitutional right to a jury trial in land condemnation proceedings, Rule 71A of the Federal Rules of Civil Procedure dictates when a jury may be employed in such cases. See United States v. Reynolds, 397 U.S. 14, 18-19 (1970). In fact, it is precisely Rule 71A(h) that restricted the district court from conducting a bench trial under the circumstances.

It is useful to begin by closely examining the options that Rule 71A provides a district judge for ascertaining just compensation. In federal condemnation actions, the district judge alone "is to decide all issues, legal and factual," save one -- the narrow factual question of just compensation. Id. at 19; see Fed.R.Civ.P. 71A(h). On this issue, Rule 71A(h) contemplates that just compensation will be settled by one of four methods, including a jury trial.**1** See Fed.R.Civ.P. 71A(h); 13

_____

waive the landowners' procedural default, see Atlantic Seaboard, 318 F.2d at 457. Given that the district court's decision to deny the jury demand was made to accommodate the landowners' failure to comply with their discovery obligations in a timely manner, it cannot seriously be contended that the district court abused its discretion.

**1** Rule 71A(h) generally addresses trial procedure in condemnation actions. The relevant portion of the rule provides:

9

James Wm. Moore et al., <u>Moore's Federal Practice</u> § 71A.11[1][a] (3d ed. 1997). First, regardless of whether one or both parties wish for a jury to fix just compensation, the issue will be settled by a special tribunal if one has been established by Congress. <u>See</u> Fed.R.Civ.P. 71A(h). Second, if no such tribunal exists, then"any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer ...." <u>Id.</u> Provided a timely demand has been made, "trial by jury [is] the usual and customary procedure to be followed," <u>United States v. Cunningham</u>, 246 F.2d 330, 332 (4th Cir. 1957) (internal quotation marks omitted); <u>see also</u> <u>United States v. Hardage</u>, 58 F.3d 569, 576 (10th Cir. 1995) ("Any party to a condemnation proceeding is ordinarily entitled to a jury trial to fix the value of the property taken where demand is made as provided in Rule 71A(h)."). Third, notwithstanding the parties' timely requests for a jury trial, the court is vested with the discretion to appoint a three-person commission to determine just compensation if the property is particularly vast or remote, or other circumstances prevail which would make a jury determination of the issue unwieldy. <u>See</u> Fed.R.Civ.P. 71A(h); <u>Atlantic Seaboard Corp. v. Van Sterkenburg</u>, 318 F.2d 455, 459 (4th Cir. 1963) (noting that the district court, "under certain circumstances, has the right to order the issue tried before a commission of three persons, despite a timely demand for a jury"). Finally, if neither party has demanded a jury trial and the court does not appoint a commission, and assuming that Congress has not

---

> If the action involves the exercise of the power of eminent domain under the law of the United States, any tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

Fed.R.Civ.P. 71A(h).

10

provided a special tribunal, the court may serve as finder of fact on the issue of just compensation. See Moore at al., supra, § 71A.11[1][e] (explaining that "[u]nder Rule 71A(h), if a jury trial is not demanded by any party, and Congress has not authorized a tribunal, then the court must, by default, conduct a bench trial"). When no special tribunal is involved, the plain terms of the rule permit the district judge only two options if a timely jury demand has been made: to allow a trial by jury or, if appropriate, to appoint a three-person commission. Thus, if the landowner doubts that the estimated compensation is an adequate exchange for his land,"he is, with two exceptions, entitled to have this issue determined by a jury," the first being when "the court determines that valuation should be resolved by a commission of three persons, and the second[being] when Congress has expressly established a tribunal to determine the amount of compensation due." United States v. 21.54 Acres of Land, 491 F.2d 301, 304 (4th Cir. 1973). As I see it, then, the district judge does not have discretion to insist upon a bench trial on just compensation in the face of a proper jury demand by one of the parties.**2**

Here, the district court determined the question of just compensation without the aid of a jury in large measure because the landowners failed to make a seasonable jury demand under Rule 71A(h). Thus, the question is this: whether the landowners, having failed to request a jury trial within the time allotted by Rule 71A(h), were permitted to rely upon the government's timely request for a jury trial, i.e., whether the district court was empowered to allow the government to withdraw its timely jury demand without the landowners' consent. If the government could not withdraw its demand in the absence of the landowners' consent, the district court did not have the option of con-

_____

**2** The majority cites Atlantic Seaboard for the proposition that when a party makes an untimely jury demand, the district court may conduct a bench trial. See Atlantic Seaboard, 318 F.2d at 459. I have no quarrel with this reading. Atlantic Seaboard, however, simply does not address the dispositive issue because neither party in that case made a timely demand for a jury determination of just compensation. In this case, however, the government made a timely request, and this difference is pivotal. Consequently, Atlantic Seaboard does not present the question that is presented here -- whether a jury demand in a condemnation action may be withdrawn over the objection of the opposing party.

11

ducting a bench trial, limited in its discretion to choosing between a jury trial and a three-person land commission.

II.

Rule 71A(a) instructs that the Federal Rules of Civil Procedure apply to federal condemnation actions just as they do to any other civil proceeding in federal court unless Rule 71A expressly provides otherwise. Because Rule 71A does not tell us whether a timely jury demand may be withdrawn unilaterally, as the government did here, the landowners contend -- correctly, I believe-- that Rule 38(d) applies and precludes the government from withdrawing its request for a jury trial without their consent.

Rule 38(d) directs us as follows: "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein pro-vided may not be withdrawn without the consent of the parties." Fed.R.Civ.P. 38(d). In view of the straightforward language of Rule 71A(a), I cannot agree with the conclusion of the majority that because Rule 71A(h) addresses jury demands in a condemnation case, it preempts the withdrawal provisions of Rule 38(d)-- provisions that are not specifically covered by Rule 71A(h). Such a conclusion, I fear, suggests that the mere fact that Rule 71A generally addresses a procedural topic covered more specifically elsewhere in the rules pre-cludes courts from consulting the other rules for guidance on issues that are not specifically addressed by Rule 71A. In my judgment, the rules regarding the trials of land condemnation actions were intended to mesh as much as possible with the rules regarding civil trials in general. Consequently, I believe the better view is that the normal civil rule regarding the request for, and waiver of, a jury trial supple-ments the jury trial provisions of Rule 71A(h).

Before Rule 71A became effective on August 1, 1951, land con-demnation proceedings in federal court were subject to the vagaries of a patchwork of inconsistent state and federal procedures. See generally Fed.R.Civ.P. 71A advisory committee's notes, original report. The Federal Rules of Civil Procedure did not apply to land condemnation proceedings, governing only appeals from such actions. See Fed.R.Civ.P. 81(a)(7) (abrogated by Supreme Court

12

Order, Apr. 30, 1951); United States v. Theimer, 199 F.2d 501, 503 (10th Cir. 1952). Some federal statutes, for example, authorized the exercise of the power of eminent domain and directed that courts employ the procedure used by the state courts in similar circumstances, while other statutes merely authorized condemnation without addressing the appropriate procedure to follow. See Fed.R.Civ.P. 71A advisory committee's notes, original report; see also 12 Charles Alan Wright et al., Federal Practice and Procedure § 3041 (2d ed. 1997). Still other statutes provided comprehensive procedures for certain types of condemnation actions. See Fed.R.Civ.P. 71A advisory committee's notes, original report; Wright et al., supra, § 3041.

The adoption of Rule 71A greatly simplified matters, "capp[ing] an effort to establish a uniform set of procedures governing all federal condemnation actions." Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 4 n.2 (1984). The text of the rule now makes clear that "[t]he Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided" in Rule 71A itself. Fed.R.Civ.P. 71A(a). The difficulty, of course, often lies in determining whether Rule 71A has "otherwise provided" for the determination of a particular issue, displacing another provision of the Federal Rules that would ordinarily apply. In various instances, Rule 71A clearly "otherwise provide[s]," prescribing unique procedures for condemnation proceedings. See, e.g., Fed.R.Civ.P. 71A(d)(3)(A) (instructing that a copy of the complaint not be served upon the landowner); Fed.R.Civ.P. 71A(e) (requiring the landowner to present all objections and defenses in the answer and prohibiting any other motion or pleading that asserts a defense); Fed.R.Civ.P. 71A(f) (allowing the plaintiff to amend the complaint without leave of court "as many times as desired" prior to trial, subject to certain limitations). Elsewhere, Rule 71A incorporates the provisions of other rules of procedure by specific reference. See, e.g., Fed.R.Civ.P. 71A(d)(3)(A) (requiring that personal service of the notice of condemnation be made upon the landowner in accordance with the provisions of Rule 4); Fed.R.Civ.P. 71A(f) (directing that the plaintiff follow Rule 5(b) in serving the landowner with notice of the filing of an amended complaint); Fed.R.Civ.P. 71A(h) (providing that "[i]f a commission is appointed it shall have the powers of a master provided

13

in ... Rule 53 and proceedings before it shall be governed by the provisions of ... Rule 53").

With respect to some subjects, however, Rule 71A is silent, in which case the ordinarily applicable rule of procedure, if any, governs by operation of subsection (a) of Rule 71A. See, e.g., Kirby Forest, 467 U.S. at 18 (holding that a landowner may move to amend an award of compensation under Rule 60(b)); United States v. 416.81 Acres of Land, 525 F.2d 450, 455 (7th Cir. 1975) (applying the provisions of Rules 26(b)(4) and 37(a)(2) to a land condemnation proceeding); United States v. Evans, 365 F.2d 95, 98 (10th Cir. 1966) (finding that Rule 54(b) controls finality of judgment that does not resolve all claims in a condemnation action); Cunningham, 246 F.2d at 333 (explaining that a land commission must make findings of fact in accordance with the provisions of Rule 52(a)).

In this instance, Rule 71A(h) is silent. It does not address whether a party may simply withdraw its timely request for a jury trial without obtaining consent from the opposing party, leaving the district court, in essence, to proceed as if no jury demand had been made in the first place. Receiving no express guidance from the text of subsection (h), I believe we are obliged to apply the directive of subsection (a) of Rule 71A and look to the other rules of procedure for our answer. Rule 38, which governs the preservation of the right to a jury trial in other civil actions, is the obvious place to begin. See Moore et al., supra, § 71A.11[1][c] (observing that "Rule 71A does not specifically address the method of conducting a jury trial in a condemnation proceeding and, accordingly, the general provisions of the Federal Rules of Civil Procedure" apply, referring to Rule 38 in particular). The terms of Rule 38 provide that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." Fed.R.Civ.P. 38(d). Under the rubric of Rule 38(d), once a party enters a timely demand for a jury trial, the other parties to the action may rely on that demand, safe in the knowledge that it will not be withdrawn without the consent of all the parties, see Bennett v. Pippin, 74 F.3d 578, 586-87 (5th Cir.), cert. denied, 117 S. Ct. 68 (1996), and that no additional demand is required to secure the use of a jury, see Fuller v. City of Oakland, 47 F.3d 1522, 1531 (9th Cir. 1995). Because Rule 71A(h) is mute on the question of withdrawal, the provisions of Rule 38(d) should be imported, requiring the con-

14

sent of all interested parties before a timely jury demand on the issue of just compensation may be withdrawn. To find otherwise would be to conclude that the drafters of Rule 71A(h), by their silence, altered the rules for withdrawing a jury demand that apply to every other proceeding governed by the Federal Rules of Civil Procedure. I believe the better view -- and one which is compelled by Rule 71A(a) -- is that the text of Rule 71A(h), by its silence, allows for the application of the "general framework of the Federal Rules where specific detail is unnecessary." Fed.R.Civ.P. 71A(a) advisory committee's notes, original report. Such an interpretation provides, as I believe the drafters of Rule 71A intended and common sense dictates, a measure of consistency in the application of Rule 71A with normal rules of procedure that ordinarily control civil proceedings in federal courts. A contrary interpretation would create an unwarranted anomaly.**3**

In light of the landowners' unwillingness to consent, the government should not have been permitted to withdraw unilaterally its timely jury demand. Presented with a timely jury demand, the district court had but two options under Rule 71A(h): allow a jury to determine just compensation or, if the court in its discretion decided that circumstances required it, appoint a three-person commission to make the determination. See 21.54 Acres of Land, 491 F.2d at 304. Having not exercised its discretion to appoint a commission, the court was constrained to permit "the usual and customary" method of determining just compensation -- trial by jury. See Cunningham, 246 F.2d at 332. The strict terms of the rule simply do not provide a bench trial as an option for determining the amount of compensation a landowner should receive in exchange for the condemned property when a timely jury demand has been made. As a result, the district court erred in not allowing the landowners a jury trial.**4**

_____

**3** The majority indicates that it is unwilling "to engraft an implicit limitation upon the plain language of FRCP 71A, or to import into the rule principles of estoppel from FRCP 38 or other sources." Supra, at 8. Rule 71A(a), however, explicitly directs us to import principles from other procedural rules if Rule 71A does not "otherwise provide." In my view, Rule 71A does not address the question sub judice, requiring us to look to the other rules of procedure.

**4** As the majority notes, the district court was genuinely attempting to provide a framework for trial in which the court could accommodate var-

15

III.

I also must diverge from the majority in its conclusion that Rule 38 does not apply in any respect to federal condemnation proceedings because the rule applies only to jury trials "of right" and that there is no constitutional or statutory right to have a jury determine just compensation in a condemnation case. See Fed.R.Civ.P. 38(a) (preserving the right to a jury trial "as declared by ... the Constitution or as given by a statute of the United States"). Although the landowners certainly have no right to a jury trial under the Seventh Amendment in condemnation cases, see Reynolds, 397 U.S. at 18, I cannot concur that the absence of a constitutional right to a jury trial in these circumstances bars the application of Rule 38(d). Under the plain terms of Rule 71A(h), a properly demanded jury trial on the issue of just compensation "is a matter of right," Hardage, 58 F.3d at 576, provided that Congress has not created a special tribunal for the case and that the district court does not appoint a land commission, see Fed.R.Civ.P. 71A(h). When these two exceptions do not apply, a timely demand for a jury trial is "of right" by Rule 71A(h) and may not be ignored in favor of a bench trial. The fact that this right-- albeit narrow -- exists by virtue of Rule 71A rather than a federal statute does not prevent the use of Rule 38(d) in this case, since Rule 71A(h) operates as a statute:

> [Rule 71A(h)] is not an Act of Congress in the ordinary sense, but it has the force and effect of a statute. It could not have become effective over Congressional objection. It and the other rules proposed by the Supreme Court of the United States and permitted, with or without change, by the Congress to become effective are clearly portions of the body of federal law.

Washington Metro. Area Transit Auth. v. Two Parcels of Land in Fairfax Co., Va., 569 F.2d 816, 819 (4th Cir. 1978); see also McCoy

―――――――――――――――――――――――――――――――――――――――――

ious procedural problems that existed, most of which were caused by the landowners themselves. Under the unique circumstances of this case, however, I do not believe the solution chosen by the district court was an option permitted by the rule.

16

v. Massachusetts Inst. of Technology, 950 F.2d 13, 21 (1st Cir. 1991) ("The Federal Rules of Civil Procedure ... have the same force and effect as federal statutory law."). Moreover, the Federal Rules of Civil Procedure, including Rule 71A, are made effective by operation of the Rules Enabling Act, see 28 U.S.C.A. § 2072 (West 1994), through which Congress delegated its procedural rule-making power to the Supreme Court, see Sibbach v. Wilson & Co., 312 U.S. 1, 9-10 (1941); Mistretta v. United States, 488 U.S. 361, 386-88 (1989). In promulgating Rule 71A, therefore, the Supreme Court was exercising a delegated legislative power. Because the entitlement to a jury trial on just compensation -- as narrow as it is under Rule 71A(h) -- was created through the exercise of congressional rule-making authority and pursuant to an Act of Congress, and because the rule carries "the force and effect" of a statute, Rule 38(d) applies and supplements Rule 71A(h) where it is silent, providing a ready set of rules and eliminating guesswork when a party wishes to withdraw its jury demand.

In sum, Rule 71A(h) does not address the withdrawal of a timely demand for a jury trial. Thus, we are left with the choice of either treating the situation in the same manner that it would be treated in any other civil case under Rule 38(d) or creating a completely different rule just for condemnation actions. Because I find the straightforward directive in Rule 71A(a) instructive and because the creation of a unique rule would be confusing and unwarranted, I am convinced that the withdrawal provisions of Rule 38(d) control the outcome in this case.

For these reasons, I respectfully dissent.

17