Affirmed by published opinion. Judge LUTTIG wrote the majority opinion, in which Senior Judge CAMPBELL joined. Judge TRAXLER wrote a dissenting opinion.
OPINION
LUTTIG, Circuit Judge:
This appeal arises from a condemnation proceeding initiated by the United States to obtain title to property owned by the defendants-appellants (“landowners”). Because the landowners believe the district court erred in denying their untimely demand for a jury trial on the issue of just compensation, they appeal that court’s determination of the amount of compensation due them. For the reasons stated herein, we affirm.
I.
On December 21, 1994, the United States filed a complaint in condemnation to obtain, assertedly for the purposes of administering, preserving, and developing the Appalachian National Scenic Trail, approximately 42 acres of land owned by the landowners. See J.A. at 6. The government simultaneously served the landowners with notice, and included with the notice a demand for a jury trial on the issue of just compensation pursuant to FRCP 71A. Id. at 6, 8. The landowners did not file an answer to the complaint.[1]
*720 Several months of negotiations ensued between government counsel and the landowners. Orally and in writing, the government repeatedly urged the landowners to retain counsel. See J.A. at 33. Throughout 1995, the landowners did not obtain counsel, but actively negotiated on their own behalf.
In January of 1996, the government requested that the condemnation dispute be scheduled for trial in May, J.A. at 30-31, and the court apparently complied. In early April, as the trial drew near, government counsel informed the landowners in writing:
[N]ow with the trial date approaching, I must change my role from being a negotiator to that of advocate....
As you know, I have suggested on several occasions that you get an attorney to represent you. I still believe that is good advice. However, I want you to understand that, if you wait until shortly before trial to bring in an attorney, your attorney will have to prepare quickly. I will not be able to agree to delay the trial. Therefore, I suggest that, if you are going to change your mind and retain an attorney, you should do so within a week.
J.A. at 33. Shortly thereafter, the landowners retained counsel. On April 18, 1996— nearly sixteen months after the initial complaint was filed — counsel for the landowners filed a demand for a jury trial on the issue of just compensation. J.A. at 16-17. Four days later, the government formally withdrew its demand for a jury trial, and concurrently filed a motion to “retain” the “non-jury trial setting.” J.A. at 18-19.[2]
The trial was ultimately continued until July 22-23, 1996, to allow the landowners’ counsel time to prepare. On July 8, 1996, the district court denied the landowners’ demand for a jury trial. This denial was explicitly based on that court’s attempt to resolve certain discovery disputes that had arisen (the landowners had failed to disclose in a timely manner the nature of their expert appraisal reports or the identity of their trial witnesses, and the government had accordingly sought to exclude this evidence) in a manner it believed fair to both parties:
Frankly, in light of the other motions, I— there have been all kinds of motions filed regarding discovery matters because of late production of discovery. So ... I finally decided that the just way to resolve this was to deny the untimely request for a jury trial.
I am going to let things happen today and see where we stand in terms -of the discovery issues. I want the landowners to be able to fully present their case as they see appropriate. If it ultimately turns out that I cannot finally decide the issues today because of unfair prejudice to the United States because of not having been told things in advance, then one of the virtues of a nonjury case is that we can postpone it.
Hopefully, after all is said and done today, the landowners ... will be able to express his and their views, and I will be able to come to a decision. If not, as I say, one of the benefits of a nonjury ease is that we won’t have to worry about bringing eight to twelve people back. I will just postpone it and see where it goes.
J.A. at 118. In accordance with its reasoning, the district court proceeded to conduct a bench trial on the issue of just compensation. The landowners appealed.
II.
The law governing access to jury trials in federal condemnation proceedings is relatively clear. First, it is settled law that there is no constitutional right to a jury trial in such a proceeding. See, e.g., United States v. Reynolds, 397 U.S. 14, 18, 90 S.Ct. 803, 806, 25 L.Ed.2d 12 (1970); Bauman v. Ross, 167 U.S. 548, 593, 17 S.Ct. 966, 983, 42 L.Ed. 270 (1897). Rather, the availability of a jury trial in a condemnation ease brought by the United States is governed by FRCP 71A(h), which provides:
If the [condemnation] action involves the exercise of the power of eminent domain under the law of the United States, any *721 tribunal specially constituted by an Act of Congress governing the case for the trial of the issue of just compensation shall be the tribunal for the determination of that issue; but if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation by filing a demand therefor within the time allowed for answer or within such further time as the court may fix, unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.
It is clear that this rule does not provide an “absolute right” to a jury trial. Atlantic Seaboard Corp. v. Van Sterkenburg, 318 F.2d 455, 459 (4th Cir.1963). Not only is a party’s access to such a trial restricted to the issue of just compensation, see Reynolds, 397 U.S. at 19, 90 S.Ct. at 806-07 (so interpreting FRCP 71A), but a jury trial even on this issue cannot be obtained if Congress has by statute provided a special tribunal for trial of the issue, or if the court, in its discretion, orders that the issue be determined by commission. See United States v. 21.54 Acres of Land, 491 F.2d 301, 304 (4th Cir.1973); Atlantic Seaboard, 318 F.2d at 459; United States v. Cunningham, 246 F.2d 330, 332 (4th Cir.1957).
Furthermore, to obtain even the limited access to a jury provided by the rule, a party must make a timely demand for a jury trial. Unless otherwise provided by the court, a defendant must make such a demand within twenty days of service of notice of the government’s complaint. Compare FRCP 71A(h) (Jury demand must be filed “within the time allowed for answer or within such further time as the court may fix.”), with FRCP 71A(e) (Defendant’s answer is due “within 20 days after the service of notice.”). Fourth Circuit precedent makes clear that where a party makes an untimely demand for a jury trial, a district court may, in its discretion, deny that demand and instead conduct a bench trial. Compare Atlantic Seaboard, 318 F.2d at 457-58 (District court conducted bench trial of all issues, including that of just compensation, after denying jury demand “on the ground that it was untimely and the Court was not disposed to exercise its discretion to waive the procedural default.”), with id. at 459 (“We find no basis for the contention that the Court’s denial of the tardy demand for a jury was an abuse of its discretion.”).
III.
The landowners do not challenge the validity of these general principles. Nor do they dispute either the fact that they did not demand a jury trial until almost sixteen months after receiving notice of the condemnation complaint, or the fact that the district court neither extended the deadline for making such a demand nor exercised its discretion to excuse the landowners’ procedural default. Nevertheless, the landowners argue that the district court wrongfully denied their demand for a jury trial.
In so arguing, and in attempting to distinguish the principles set forth above, the landowners rely on the facts that (1) the landowners were not represented by counsel at the time that they should have demanded a jury trial, (2) the government did not tell the landowners that they needed to demand such a trial, and (3) the government initially demanded a jury trial, and then subsequently withdrew this demand. On the basis of these facts, the landowners urge us to find either that they did not knowingly waive their right to a jury trial, or that the government was estopped from withdrawing its demand for a jury trial, and to hold, on either or both of these grounds, that the district court erred in denying their untimely jury demand.
We do not believe, however, that the facts urged by the landowners required the district court to grant the landowners’ belated demand. As for the fact that the landowners were unrepresented by counsel, we note simply that this circumstance resulted from the landowners’ deliberate choice not to consult or retain counsel, that the government repeatedly, and ultimately successfully, urged the landowners to reconsider this initial decision, see J.A. at 33, and thus that any prejudice that may have resulted from the land *722 owners’ pro se status can be ascribed to no one other than the landowners themselves. And as for the fact that the government did not inform the landowners that they needed to demand a jury trial, we note primarily that FRCP 71A(d)(2) specifies precisely what information the government must provide when it serves notice of a condemnation action, that the government here complied with the requirements of this rule, and that FRCP 71A(d)(2) simply does not require the government to inform landowners when or how they may demand a jury trial.
At first blush, the fact that the government initially demanded a jury trial on the issue of just compensation, and then subsequently withdrew this demand, appears slightly more problematic. As the landowners note, FRCP 38(d) states that “[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.” (Emphasis added). Although the landowners halfheartedly argue that the italicized language in this rule refers to a jury demand made pursuant to any of the Federal Rules of Civil Procedure, and thus that the rule operated to prevent the government from withdrawing its jury demand without the landowners’ consent, we believe it quite clear that the italicized language refers to a jury demand made pursuant to the procedures outlined earlier in FRCP 38.[3] See FRCP 38(b) (outlining procedures by which “[a]ny party may demand a trial by jury of any issue triable of right by a jury”). And in the ease sub judice, the government’s jury demand was made not pursuant to FRCP 38(b), but rather pursuant to FRCP 71A(h), which does not similarly prohibit the withdrawal of a jury demand.
Nor can we, consistent with the language of either FRCP 71A or FRCP 38, read the requirements of FRCP 38(d) to apply to a condemnation proceeding. First, FRCP 71A makes clear that where, as here, that rule speaks to á procedural issue, it preempts other rules of procedure. See FRCP 71A(a) (“The Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule.”). Second, and more importantly, FRCP 38 — which is, after all, entitled “Jury Trial of Right” — applies by its terms only to cases where a party has a constitutional or statutory right to a jury trial. Compare FRCP 38(a) (“The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.”), with FRCP 38(b) (“Any party may demand a trial by jury of any issue triable of right by a jury by [following specified procedures].”). As noted earlier, however, it is settled law that there is no constitutional right to a jury trial in a condemnation case. And we do not believe that the limited, conditional access to a jury contemplated by FRCP 71A(h) constitutes a statutory right to trial by jury within the meaning of FRCP 38, especially where, as here, the party seeking to assert such a “right” has not complied with the requirements of FRCP 71A(h) by, inter alia, making a timely jury demand. Such a party is not even entitled to a jury determination of the single issue of just compensation under FRCP 71A(h); a fortiori, such a party cannot be said to have a statutory right to a jury trial. Accordingly, such a party’s demand for a jury trial simply falls outside the purview of FRCP 38.
These considerations make clear that, because the landowners failed to comply with the procedures outlined in FRCP 71A, they had no right to a jury trial on the issue of just compensation. Accordingly, their argument that they did not voluntarily waive this “right” must fail. And even if the landowners had a constitutional or statutory right to such a trial, a failure to make a timely jury demand would clearly constitute waiver. See *723 FRCP 38(d). Nor, given that the government complied with the express requirements of FRCP 71A — a rule which, unlike FRCP 38, does not prohibit the unilateral withdrawal of a jury demand — can we find that the government was estopped from withdrawing its jury demand. To do so, we would be required either to engraft an implicit limitation upon the plain language of FRCP 71A, or to import into the rule principles of estoppel from FRCP 38 or other sources. This we are unwilling to do.[4]

CONCLUSION

For the foregoing reasons, the district court’s determination of just compensation is affirmed.

AFFIRMED.

. Under FRCP 71A(e), a landowner's failure to answer a complaint in condemnation constitutes a waiver of objections or defenses to the taking of his property, but does not foreclose him from presenting evidence as to the amount of compensation to be paid for the property.

. It is not entirely clear from the record whether the case had in fact been set for a nonjury trial; while the government had requested a bench trial for two other cases the same day, it had not specifically made such a request for this case. See J.A. at 30-31.

. We find unpersuasive the landowners’ efforts to distinguish this language from that contained in the preceding sentence, which provides that ”[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury,” FRCP 38(d) (emphasis added), which indisputably limits the scope of the sentence in which it is contained to jury demands made pursuant to FRCP 38. If anything, the close proximity between this sentence and the subsequent sentence at issue in this case confirms our understanding that the latter sentence is also so limited.

. While the preceding analysis makes clear that the district court was not required to grant the landowners’ belated demand for a jury trial, it is also clear that the court could have chosen, in its discretion, either to extend the deadline for making a jury demand, see FRCP 71 A(h), or to waive the landowners’ procedural default, see Atlantic Seaboard, 318 F.2d at 457. Given that the district court's decision to deny the jury demand was made to accommodate the landowners’ failure to comply with their discovery obligations in a timely manner, it cannot seriously be contended that the district court abused its discretion.